## WILLIAM J. McCRACKEN, ET AL., Appellants.

*vs.*

## LERNA ROGERS, ET AL., Appellee.

APPEAL FROM MILWAUKEE CIRCUIT COURT.

The fourth section of chapter 63, R. S., abolishes the common law distinction between kindred of the whole blood and kindred of the half blood, in the distribution of a decedant's estate which came not by "descent, devise or gift," from an ancestor.

Lavinia Scott died intestate, leaving non-ancestral property in the state of Wisconsin, to-wit: in the county of Milwaukee, where letters of administration have since been granted, but leaving no children nor other lineal descendants, no husband and no parents, nor other heirs in the direct ascending line, and no brother or sister, nor brother's or sister's issue, but leaving three uncles and one aunt of the whole blood, on the father's side ; also one brother and one sister of the half blood, on the mother's side, to-wit; Orlando Hubbard, the brother, and Lerna Rogers, the sister of the half blood, (of the same mother but different father) of the mother of the deceased.

There is no dispute as to the four persons of the first class (of the whole blood) to share in the division of the estate. The two persons in the latter class; (Mr. Hubbard and Mrs. Rogers), applied to the probate court of Milwaukee county, to be admitted to share the estate equally with the four of the first class. The probate court decided adversely to this application, and ordered a distribution of the entire estate equally among the first four named.

On appeal to the circuit court of Milwaukee county, the decree of the probate court was reversed, and the estate ordered to be distributed equally among all the six claimants above named.

From this decision of the circuit court the appellants appealed to this court.

*Waldo and Ody* for appellants.

We hold that the common law of England, except in so far as it has been modified and adapted to the circumstances of this country by American courts, whose decisions are received as authority here, or altered or repealed by our own legislature, is in full force in Wisconsin. R. S. 43; Const. of Wis.; 1 S. & M. 562; *Noonan vs. State of Miss.*

So in sevaral instances the legislature of this State have either expressly or impliedly recognized the force of the common law here, unless repealed. R. S. Chap. 81, §29—chap. 124, §49

The rule of descent in this State has been remodeled, and, as to those cases most likely to occur, reconstructed by legislative enactment. Certain near relatives are specifically provided for by the statute, and in default of heirs within those limits, it is enacted that " the estate shall descend to the next of kin in equal degree;" also, " that the degrees of kindred shall be computed according to the rules of the civil law," and " kindred of the half blood shall inherit equally with those of the whole blood in the same degree."

So far as these provisions and limitations expressly extend, the common law is superseded by the statute. But while we must be governed by the rules of the civil law computing the *degrees* of kindred, we are not governed by those rules in determining the class or line in which we shall count those degrees; but in that respect we are still left to the rule of the common law.

While that canon of descent which required the collateral heir to be the next collateral kinsman of the person last seized of the whole blood is expressly abolished by the statute above quoted, that other and equally ancient canon which required that " in collateral inheritances the male stock shall be preferred to the female, except where the estate in fact decends from a female," (Black. Com. Bk. II, p. 234) has not been superseded

McCracken et. al. vs. Rogers et al.

in any manner. We must count the degrees by the rule of the civil law, but we must count first among the relations on the father's side. Blac. Com. 2, B. P. 235.

The intention of the legislature as gathered from the entire statute, must govern us, and in analogy to the specific provisions in the earlier part of the chapter where the father is expressly pointed out to take before the mother, the grand-father will take before the grand-mother, and the brothers and sisters of the father before the brothers and sisters of the mother. Walker's Am. Law, 325, Title by descent. R. S. 63.

*Brown and Ogden*, for appellees.

I. The legislature of Wisconsin have full power to prescribe a rule of descent different from that of the common law, and they have done so in express terms, giving the property in the case before the court, to the next of kin in equal degree, computing by the rules of the civil law, and without regard to male or female lines. Revised Statutes, p. 338. sec. 1, sub. 5 ; Revised Statutes, p. 339, sec. 4 ; *Parker vs. Nimes*, 2 New Hamp. 460 ; *Bowers vs. Littlewood*, 1 Pierre Williams, 594 ; 2 Kent. Com. 423 ; *Blackborrough vs Davis*, 1 Pierre Williams, p. 53.

II. All difference between kin of the half and those of the whole blood is abolished. Rev. Statutes, p. 339, sec. 4 ; 2 Kent Com. 422 ; 2 Kent Com. 424 ; 2 Vernon, 124, (S. C.) ; Shower, Cases in Parliament, 108.

III. The common law rule of descent as to real estate, and the preference of the male over the female, has never existed in the northwest territory. Ordinance of '87, on Ter.; Rev. Stat. of '39, p. 14 ; do. p. 184 ; Statutes of the Territory of Mich., p.      ; *McCullough vs. Lea*, 7 Hammond, 15 ; Rev. Stat. of 1849, p. 338. Our statute is borrowed from the statute of Charles, as to the distribution of personal property, and under that statute the next of kin, on the father's and mother's side (as the cases above cited show), inherit equally by the ruling of the English courts.

IV. The subject of distribution in this case is personal property; and we have shown by the authorities cited, that the

McCracken et al. vs. Rog'rs et al.

statute of Charles, (which is common law for this country), gave it to the relations of the mother equally with the relations of the father.

*By the Court*, COLE, J.  We intimated to counsel upon the argument of this case, that in our judgment our statute of descent gave the property of the decedent to the brothers and sisters of the half blood on the mother's side, equally with the brothers and sisters of the whole blood on the father's side. The 5th subd. of section 1, chap. 63 R. S. provides that "if the "intestate shall leave no issue nor widow, and no father, "mother, brother, nor sister, his estate shall descend to his next "of kin in equal degree; excepting," &c.  The 4th section provides that "the degrees of kindred shall be computed "according to the rules of the civil law;" and "kindred of "the half blood shall inherit equally with those of the whole "blood in the same degree, unless," &c.  The six claimants are all in equal degree of kindred, computing according to the rules of the civil law; and the half blood take equally with the whole blood under the statute.  It cannot be denied that the legislature have authority to prescribe the rule of succession, and having done so courts cannot abridge the scope and meaning of the statute in following out and adopting any course of reasoning however specious or ingenious.  It would be very unsafe if we should attempt to break the force of a plain provision of law by undue refinements upon it.

It is the judgment of this court that the decision of the circuit court be affirmed with costs.