## OLIVER E. BAILEY

### v.

### GEORGE M. ROSS and others.

An intestate died without issue, and without having had either brother or sister of the whole or half-blood, and without leaving a wife or a father living. His mother survived him, and, by the statute, was entitled to his lands for life. His nearest relatives were two brothers of his father, a sister of his mother, and several children of deceased uncles and aunts.—*Held,* that the children of his two uncles and aunt took to the exclusion of the children of the uncles and aunts who were deceased when he died, although both of the uncles and also the aunt died during his mother's life-time.

Bill for partition.   On exceptions to master's report.

NOTE.—That the civil law is resorted to in ascertaining the next of kin (*Hillhouse* v. *Chester, 3 Day 166 ; Hayes* v. *Thomas, Breese 180 ; Martindale* v. *Kendrick, 4 Greene* (*Ia.*) *307 : McDowell* v. *Addams, 45 Pa. St. 430 ; Bennett* v. *Toler, 15 Gratt. 625 ; Cloud* v. *Bruce, 61 Ind. 171*) ; unless the descent be changed by statute (*Ramsey* v. *Ramsey, 7 Ind. 607 ; Walker* v. *Smith, 3 Yeates 480 ; Brenneman's Appeal, 40 Pa. St. 115*).

A grandparent of the intestate takes to the exclusion of his uncles or aunts (*McDowell* v. *Addams, 45 Pa. St. 430 ; Ryan* v. *Andrews, 21 Mich. 229 ; Martindale* v. *Kendrick, 4 Greene* (*Ia.*) *307 ; Kelsey* v. *Hardy, 20 N. H. 479 ; Kirkendall's Case, 43 Wis. 167 ; Barger* v. *Hobbs, 67 Ill. 592 ; Bassil* v. *Loffer, 38 Iowa 451 ; Cables* v. *Prescott, 67 Me. 582 ;* but see, *Curren* v. *Taylor, 19 Ohio 36 ; Gillespie* v. *Foy, 5 Ired. Eq. 280 ; Ligon* v. *Fuqua, 6 Munf. 281 ; Bray* v. *Taylor, 7 Vr. 415*) ; and cousins of a near degree are preferred to those of a more remote (*Schenck* v. *Vail, 9 C. E. Gr. 538 ; Stewart* v. *Collier, 3 Harr. & Johns. 289*). An aunt or uncle of the intestate takes to the exclusion of the children of deceased aunts or uncles (*Porter* v. *Askew, 11 Gill & Johns. 346 ;*

*Mr. A. M. Hassell,* for the exceptions.

*Mr. G. Collins,* contra.                    •

The Chancellor.

Lyman R. Bailey died without issue, and without having had either brother or sister, either of the whole or half-blood. He left no wife. His mother survived him, but his father did not. His nearest relations at his death were his two uncles, Samuel and Abraham R. Bailey, brothers of his father, and his aunt, Hannah Ross, sister of his mother. He had numerous cousins then living, children of his two deceased uncles, John and David Bailey. After his death, and during his mother's life-time, his two uncles, Samuel and Abraham R. Bailey, and his aunt, Hannah Ross, died, each leaving surviving children.

The questions presented are, first, whether the children of Lyman R. Bailey's uncles, John and David Bailey, who died in his life-time, are entitled to participate, by right of representation, 'in the inheritance of his estate; second, whether, if the cousins did not inherit, the aunt inherited with the uncles who survived Lyman R. Bailey; and, third, whether the date of descent to those who inherited was at the death of Lyman R. Bailey, or at the death of his mother.

---

*Levering* v. *Levering, 2 Md. Ch. 81, 3 Md. Ch. 365; Ellicott* v. *Ellicott, 2 Md. Ch. 468; Parker* v. *Nims, 2 N. H. 460; Montgomery* v. *Pentriken, 29 Pa. St. 118; Shaffer* v. *Nail, 2 Brev. 160*); and granduncles to the exclusion of the children and grandchildren of granduncles who died before the intestate (*Clayton* v. *Drake, 17 Ohio St. 367.* See *Cresoe* v. *Laidley, 2 Binn. 279*); and a great-grandmother to the exclusion of a great-uncle (*Cloud* v. *Bruce, 61 Ind. 171*).

Such uncles and aunts inherit without distinction as to the blood of the ancestor from whom the estate descended (*Deloney* v. *Walker, 9 Porter 497; Osborne* v. *Widenhouse, 3 Jones Eq. 238; Peacock* v. *Smart, 17 Mo. 402; Hickey* v. *Deloach, 1 How. (Miss.) 32; Danner* v. *Shissler, 31 Pa. St. 289; Miller's Case, 2 Lea (Tenn.) 54; Cozzens* v. *Joslin, 1 R. I. 122; Jones* v. *Barnett, 30 Tex. 637; Beebe* v. *Griffin, 14 N. Y. 235; Ballard* v. *Hill, 3 Murph. 410; Murphy* v. *Henry, 35 Ind. 442*); and the rule includes cousins (*Redd* v. *Clopton, 17 Ga. 230.* See *Knapp* v. *Windsor, 6 Cush. 156*); unless otherwise directed by statute (*Wilkerson* v. *Bracken, 2 Ired. 315; Renfroe* v. *Taylor, 12 B. Mon. 402; Driskell* v. *Hanks, 18 B.*

Bailey *v.* Ross.

Where a person seized in fee-simple of land dies intestate as to it, leaving no lawful issue, and no brother or sister of the whole blood, or any issue of any such brother or sister, and leaving a mother, but no father, the inheritance goes to his mother for life, and, after her death, it goes and descends as provided for by statute in case he had died without leaving a mother capable of inheriting it. At the time of the death of Lyman R. Bailey, therefore, his mother took a life-estate in the land. After her, his nearest relations were his uncles, Samuel and Abraham, and his aunt, Hannah. They inherited the remainder, to the exclusion of his cousins. *Schenck* v. *Vail, 9 C. E. Gr. 538.* And they inherited at his death. The statute declares, that when any person shall die seized in fee of any lands, tenements or hereditaments, without devising them in due form of law, and without lawful issue, and without leaving a brother or sister of the whole blood or half-blood, or the issue of any such brother or sister, and without leaving a father or mother capable of inheriting the property by the statute, and shall leave several persons, all of equal degree of consanguinity to him or her, the property shall then descend and go to the said several persons of equal degree of consanguinity, as tenants in common, in equal parts, however remote from the person dying seized the common degree of consanguinity may be, unless where the inheritance came to the person dying seized by descent, devise or gift of some one

*Mon. 855; Bevan* v. *Taylor, 7 Serg. & R. 397; McWilliams* v. *Ross, 46 Pa. St. 369; Gilmore* v. *Ross, 2 Pittsb. 500; Addison* v. *Core, 2 Munf. 279; Beaumont* v. *Irwin, 2 Sneed 291; Torrey* v. *Shaw, 3 Edw. Ch. 356; Hilliard* v. *More, Law Repos. (N. C.) 590; Ballard* v. *Hill, Id. 602; Johnson* v. *Lybrook, 16 Ind. 473; Hawkins* v. *Shewen, 1 Sim. & Stu. 257).*

Lands descended from a granduncle are not within the rule, since he is not an ancestor (*Penniman* v. *Francisco, 1 Heisk. 511*); nor a grandparent, in Kentucky (*Smith* v. *Smith, 2 Bush 520*); in some states an uncle may be (*Greeneel* v. *Davis, 19 Ind. 60*); or a half-brother (*Prickett* v. *Parker, 3 Ohio St. 394*); and lands acquired otherwise than by descent go to the whole and half-blood, or to the heirs of both parents, without distinction (*Bell* v. *Dozier, 1 Dev. 333; McCracken* v. *Rogers, 6 Wis. 273; Wells* v. *Head, 12 B. Mon. 170.* See *Turner* v. *Patterson, 5 Dana 297*).—Rep.

of his or her ancestors, in which case all those who are not of the blood of such ancestor shall be excluded, if there be any person or persons in being of the blood of such ancestors capable of inheriting the property.

Lyman R. Bailey did not acquire the land by descent, devise or gift from any of his ancestors. His aunt, Hannah, was of equal degree of consanguinity to him with his uncles, Samuel and Abraham, and, according to the plain language of the statute, inherited with them as tenants in common. It is urged that the seventh canon of descent, by which, in collateral inheritances, the male stock is to be preferred to the female (that is, kindred derived from the blood of the male ancestors, however remote, over those derived from the blood of the female, however near), unless where the lands have in fact descended from a female, controls the descent and excludes the aunt. But the language of the statute expressly forbids. It declares that, under such circumstances as this case presents, the estate shall go to the several persons of equal degree of consanguinity, as tenants in common, in equal parts.

On the death of Lyman R. Bailey's mother, the inheritance descended as it would have done under the statute if he had died without leaving a mother capable of inheriting; that is, to the several persons who were in equal degree of consanguinity to him at the time of his death—his surviving uncles and aunt.

The exceptions will be overruled, with costs.