WILLIAM NOWLAN *et. al.* Defendants in Error, *vs.* ED-
   WARD NOWLAN *et al.*—(GEORGE NOWLAN, Plaintiff in
   Error.)

`            *Opinion filed April 20, 1916.*

1. WILLS—*express devise of land to trustee with power to sell vests trustee with the fee.* An express devise of land to a trustee, coupled with the power, in his discretion, to sell the land and convey a perfect title, vests the trustee with the fee, even though the will provides the trustee shall not sell without the consent of the *cestui que trust.*

2. SAME—*when the rule in Shelley's case applies.* Where a will devises the legal title to land to a trustee to hold for the benefit of the testator's son for life and at his death the trust to cease and the land to go to the lawful heirs of such son according to the laws of Illinois, the life estate of the son and the remainder to his heirs are both equitable estates, and being of the same quality the rule in *Shelley's* case applies and the son takes an equitable fee simple estate under the will.

3. RELEASE OF ERRORS—*what does not bar party from prosecuting writ of error.* Where land is devised in trust for two brothers in equal undivided shares and one brother dies intestate, the facts that the survivor sells to a stranger the interest which he has inherited from his brother, and that the purchaser acquiesces in the construction thereafter placed upon the will by the decree in a proceeding by the heirs of the deceased brother to set off and partition his share of the land, do not preclude the surviving brother from seeking a reversal of the decree in so far as it affects his own interest under the will.

DUNN, CARTWRIGHT and CRAIG, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Stark county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

T. W. HOOPES, for plaintiff in error.

J. H. RENNICK, *amicus curiæ.*

Mr. JUSTICE COOKE delivered the opinion of the court:

Michael Nowlan died testate in 1881, seized in fee of certain real estate in Stark county. The fourth clause of his will was as follows:

"*Fourth*—To my son William Nowlan I give and devise the following described real estate, to-wit: Lot No. 4 in the southwest quarter of section No. 13, in township No. 13, north, range 4, east, in the county of Knox and State of Illinois, containing ten acres more or less; also the following lands in Stark county, Illinois, viz., the north half of the northeast quarter of section No. 28, in township No. 13, north, range No. 5, east of the fourth principal meridian; also the remainder in the west half of the southwest quarter of section No. 22, in the township last aforesaid, after the determination of the life estate hereinbefore granted to my wife, Frances Nowlan, or in case the said Frances Nowlan shall not survive me, then I give and devise the tract last named directly to the said William Nowlan, all of which real estate so devised to the said William Nowlan is in trust and for the uses and purposes hereinafter set forth, to-wit:

"First, one undivided half of the said lot No. 4 of the southwest quarter of section No. 13, township 13, north, range 4, east, he shall have and hold in his own right in fee simple.

"Second, the other undivided half of said lot No. 4, together with the west half of the southwest quarter of section No. 22, in township No. 13, north, range 5, east, or the remainder thereof after the death of my said wife,

Frances Nowlan, if she survives me, shall be held in trust by said William Nowlan for the use and benefit of my son Henry Nowlan solely, for and during his natural life, and at the death of the said Henry Nowlan this trust shall cease and determine and the said premises so held shall descend and go to the lawful heirs of the said Henry Nowlan according to the laws of the State of Illinois, in the same manner in which it would descend if held by the said Henry Nowlan in fee simple: *Provided, however,* that at any time during the life of said Henry Nowlan it shall be the option of said trustee, William Nowlan, and said Henry Nowlan, that it will be beneficial to said Henry Nowlan to have the said premises sold and the proceeds thereof invested for the use and benefit of said Henry Nowlan, then in such case the said trustee (by and with the consent of said Henry Nowlan, to be manifested by his signing the deed for that purpose with said trustee,) may sell, dispose of and convey said premises in such way as they may think most conducive to the interest of said Henry Nowlan, and such conveyance shall vest a perfect title in the purchaser thereof. It is further my will that the rents, issues and profits of said premises, after deducting taxes and necessary expenses for repairs and for improvements and for costs and charges of carrying out this trust, shall be paid by said trustee to said Henry Nowlan annually, or oftener if he shall so receive the same. And I do further direct that in case the said Henry Nowlan shall desire to have possession of and occupy the said premises, or any portion thereof, during his lifetime or at any time, that he shall have the right to do so without rents further than payment of taxes and other expenses above enumerated upon said premises.

"Third, the said north half of the northeast quarter of section No. 28, in township No. 13, north, range 5, east, above devised to said William Nowlan, trustee, shall be held by him in trust for the use and benefit of my sons

George Nowlan and Joseph Nowlan, upon the same terms, conditions and trusts hereinbefore annexed to the devise for the use and benefit of Henry Nowlan, the said trustee to have the same powers and to perform the same duties required there in said foregoing devise, and the said George Nowlan and Joseph Nowlan to have equal and undivided interests in this devise, and with all the rights and privileges of sale and occupancy of the premises herein devised which the said Henry Nowlan has in and to the premises described in the foregoing devises for his benefit."

Joseph Nowlan, one of the beneficiaries mentioned in the third division of the fourth clause of the will, died intestate May 21, 1912. Thereafter certain of his heirs filed their bill in the circuit court of Stark county, setting forth the will of Michael Nowlan and the death and heirship of Joseph Nowlan, and alleging that upon his death the trust created by said will as to him terminated, and his undivided interest in the north half of the northeast quarter of said section 28 was by the terms of said will held in trust for his heirs and the other one-half interest was held in trust for the heirs of George Nowlan, and that said trust has not terminated; that by reason of the death of Joseph Nowlan his heirs, some of whom were complainants and the others defendants, became seized in fee simple of the undivided one-half of said premises, and that each of them became seized, by descent from said Joseph Nowlan, of certain portions of said real estate particularly specified in the bill. The prayer of the bill was that the undivided one-half of the premises held in trust for George Nowlan be set apart from the undivided one-half which was held in trust for the use of Joseph Nowlan; that that half be partitioned among the heirs of Joseph Nowlan, and that all of the premises last above described be partitioned among the owners according to their respective interests as set forth in the bill.

272 — 34

Thereafter E. H. Lloyd was permitted to intervene and become a party defendant upon his petition, setting forth that on February 9, 1914, after the bill was filed, he had purchased the undivided one-ninth interest of the defendant George Nowlan in the undivided one-half interest which George Nowlan had inherited as one of the heirs of Joseph Nowlan.

All of the defendants, including George Nowlan, defaulted, and the bill was taken as confessed. The cause was referred to the master, evidence was taken and the master made his report to the court, recommending that the undivided one-half interest held in trust by William Nowlan for the use of George Nowlan be set apart from the other undivided one-half interest, and that the latter one-half interest be partitioned, as prayed for in the bill, among the heirs of Joseph Nowlan. Upon the evidence taken before the master and the master's report the court entered a decree containing the following findings, among others: That the north half of the northeast quarter of said section 28 was by the will of Michael Nowlan "devised to William Nowlan in trust for the use and benefit of the said George Nowlan and Joseph Nowlan for and during their natural lives, the said George Nowlan and Joseph Nowlan to have equal and undivided interests in said described real estate, and that at the death of the said Joseph Nowlan the said trust as to him shall cease and terminate and the fee simple title in and to said undivided one-half in said premises in which said Joseph Nowlan had such life estate shall vest in the heirs-at-law of the said Joseph Nowlan, deceased, according to the laws of descent of the State of Illinois, and that at the death of the said George Nowlan said trust created for his benefit shall terminate and the fee simple title to the undivided one-half of said premises in which the said George Nowlan has such life estate shall vest in his heirs-at-law;" that "the undivided one-half of said real estate that was devised to William

Nowlan in trust for George Nowlan is still being held by said William Nowlan, trustee, for the use and benefit of said George Nowlan for and during his lifetime, and at his death said trust to cease and the remainder in fee simple to go to the heirs-at-law of said George Nowlan;" that. "William Nowlan holds the other undivided one-half of said real estate in trust for the benefit of George Nowlan for and during his life, and at the death of the said George Nowlan said trust terminates and the fee simple title in and to said last mentioned undivided one-half vests in the heirs-at-law of the said George Nowlan." The decree provided that the undivided one-half held in trust by William Nowlan for George Nowlan be set off from the other half owned by the heirs of Joseph Nowlan, deceased, and that a further division and partition be made of the one-half belonging to the heirs of Joseph Nowlan and other parties in interest according to their respective interests as set forth in the decree.

The commissioners appointed by the court to make partition set off to William Nowlan, trustee, for the use and benefit of George Nowlan in severalty for the interest and share of said trustee in the premises, the north half of the premises described in the third division of the fourth clause of the will, and reported that the remaining one-half was not susceptible of division without manifest prejudice to the parties in interest and fixed a value on the same. The court thereafter entered a decree confirming the report of the commissioners, and ordering that William Nowlan, trustee for George Nowlan, hold in severalty the share set off and assigned to him by the commissioners, and that said share be vested in William Nowlan, trustee, for the use and benefit of George Nowlan, according to said assignment, and ordering a sale of the other half of said lands.

George Nowlan has sued out this writ of error, seeking a reversal of the decree of partition on the ground that the decree erroneously finds that he has only a life estate

in the land set off to William Nowlan, as trustee, in severalty, because plaintiff in error, under the will of Michael Nowlan, took an equitable fee simple estate in the undivided one-half of the lands devised to William Nowlan in trust for plaintiff in error and Joseph Nowlan. The basis of this contention is that the trustee took the legal estate in fee; that the will devised to George Nowlan an equitable life estate and the equitable remainder to his heirs, and therefore, under the rule in *Shelley's case,* George Nowlan took an equitable fee simple estate. The correctness of this contention depends wholly upon whether the trustee took a fee under the will, for if he did take a fee the rule in *Shelley's case* applies and plaintiff in error is possessed of an equitable fee simple estate.

It will be observed that the trust estate is in express terms devised to the trustee; that active duties are imposed upon him, and he is given the power to sell and convey the premises and vest a perfect title in the purchaser thereof if in the opinion of the trustee and the *cestui que trust* it will be desirable and beneficial to do so, the *cestui que trust* to manifest his consent by signing the deed of conveyance with the trustee for that purpose. As the trustee did not deem it his duty to defend in this writ of error, J. H. Rennick, a member of the bar, was permitted to file a brief as *amicus curiæ* on behalf of the children of plaintiff in error, and he contends that the trustee is not given the legal fee title by the will but is given the trust estate for the life of plaintiff in error, with a naked power of sale in case plaintiff in error should consent and join in a conveyance, and that at the death of plaintiff in error the legal title in fee, under the provisions of the will, vests at once in the heirs-at-law.

The trustee was clearly vested with a fee under the terms and provisions of this will. An express devise of the trust estate to a trustee, coupled with the power to sell, necessarily vests the trustee with the fee. In discuss-

ing this question in *West* v. *Fitz*, 109 Ill. 425, we said: "It is clearly settled by the general current of English and American authority, that if a testator by his will simply directs his executor or a trustee to sell real estate and apply the proceeds to certain specified purposes, such executor or trustee will take a *power*, only, whereas if the devise be *to the executor or trustee* to sell and apply the proceeds, etc., such executor or trustee will take an estate in the land, and not a mere power." No rule is more firmly grounded than that the title of a trustee is commensurate with the powers given and the duties imposed upon him. Applying this rule to the provisions of the trust created by the will of Michael Nowlan, it is clear that the trustee took a fee. The trustee is authorized and empowered, in his discretion, to sell the trust estate and to make a conveyance vesting perfect title in the purchaser. He was necessarily vested with the fee for the purpose of carrying out this provision. *Kirkland* v. *Cox*, 94 Ill. 400; *Green* v. *Grant*, 143 id. 61; *Security Ins. Co.* v. *Kuhn*, 207 id. 166; *Olcott* v. *Tope*, 213 id. 124; *Emmerson* v. *Merritt*, 249 id. 538; *McNair* v. *Montague*, 260 id. 465; *Nixon* v. *Nixon*, 268 id. 524.

The fact that the consent of the *cestui que trust* was required before the trustee could sell does not alter the character of the estate devised to the trustee. The trustee, and not the *cestui que trust*, was empowered to make the conveyance. While a sale was to be made only in the event that the trustee should deem it to the best interests of the *cestui que trust* and upon the express consent of the *cestui que trust*, it was necessary, in the event those contingencies happened, that the trustee be vested with the fee.

As the trustee has the fee simple title upon the trust created by the will, it follows that both the life estate limited to plaintiff in error and the ultimate estate in fee given to his heirs are equitable estates. (*Lord* v. *Comstock*, 240 Ill. 492; *Carpenter* v. *Hubbard*, 263 id. 571.) The life estate given to plaintiff in error and the remainder limited

by the will to his heirs-at-law both being equitable estates and therefore of the same quality, the rule in *Shelley's case* applies and plaintiff in error took the equitable fee simple estate under the will.

It is contended that plaintiff in error is barred from prosecuting this writ of error for the reason that Lloyd, as his grantee, accepted the benefits of the decree. Plaintiff in error was a defendant in the court below, and during the pendency of the suit he sold to Lloyd his undivided one-ninth interest in the one-half of the premises which was devised to the trustee for the benefit of Joseph Nowlan. He had the right to make such conveyance, and the decree properly found Lloyd to be the owner of an undivided one-ninth interest in that portion of the premises. Whatever plaintiff in error received as the consideration for the conveyance to Lloyd he received from Lloyd and not by virtue of the decree which was thereafter rendered, and he is not estopped from contesting the decree as it affects his own trust estate because his grantee of the one-ninth interest in the trust estate of Joseph Nowlan acquiesced in the decree and accepted his proportion of the proceeds of the sale.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*

DUNN, CARTWRIGHT and CRAIG, JJ., dissenting:

The rule in *Shelley's case* requires that both the life estate limited to the ancestor and the estate in remainder to the heirs shall be of the same quality,—that is, both legal or both equitable,—and where one of the estates is legal and the other equitable the rule does not apply, because if the prior estate is an equitable or trust estate and the subsequent estate is a legal one, the two do not unite as an estate of inheritance in the ancestor. (Preston on

Estates, 263; 2 Washburn on Real Property, sec. 1610; *Glover* v. *Condell*, 163 Ill. 566; *Harvey* v. *Ballard,* 252 id. 57.) The opinion of the majority of the court recognizes this rule and holds that the estate given to William Nowlan in trust was a fee. Relying upon the rule that in a devise to a trustee he will acquire an estate commensurate with the powers conferred and the purposes to be accomplished and if a fee is required to enable the trustee to perform his duties he will take that estate, it is said that an express devise of the trust estate to a trustee, coupled with the power to sell, necessarily vests the trustee with the fee. The case of *West* v. *Fitz,* 109 Ill. 425, is cited, but in that case the court said, on page 439: "We do not wish by this to be understood as saying that a trustee could not be given a life or other less estate, only, and yet be clothed with a power to sell upon a given contingency, or that instances of this kind cannot be found in the reported cases; but what we intended to say, and do say, is, no case can be found adopting such a construction where the limitations of the will are like the present. The construction suggested is never adopted except where the estate of the trustee is expressly or by necessary implication limited to an estate for life or for a term of years." This is precisely the present case. The duties imposed upon the trustee are the collection of the rents, issues and profits of the premises, the payment of taxes, repairs and improvements and the cost and charges of carrying out the trust, and the payment of the net proceeds, annually, to George Nowlan during his natural life, and it is expressly provided that at the death of George Nowlan the trust shall cease and determine and the premises shall descend and go to his lawful heirs. The estate of the trustee is thus expressly limited to the life of George Nowlan.

In the case of *Harvey* v. *Ballard, supra,* the will, after providing for the division of the testator's property into five equal shares, directed that one-half of each share

should be set apart and conveyed to a trustee, to be held for the use and benefit of each child of the testator during his or her life and then to descend to his or her heirs. It was held that the trustee took an estate in each share for the life of the child who was the beneficiary, and that at the death of each beneficiary the title would pass without any conveyance, by virtue of the will, to the heirs of such beneficiary. The duties of the trustee ended at the death of the beneficiary. He was given no power and charged with no duty to do anything afterward, and there was no provision for a conveyance to the heirs. The rule in *Shelley's case,* therefore, was not applied.

The will here is substantially the same in this respect as that in the case of *Harvey* v. *Ballard,* except for the power of sale given to the trustee, in his discretion, with the consent of George Nowlan. But a power of sale annexed to an estate expressly limited to life will not enlarge the estate to a fee. (*Hamlin* v. *United States Express Co.* 107 Ill. 443.) Where an estate for life is clearly given, with power to sell the fee, and there is a limitation over, the limitation will control the operation of the power and prevent it from enlarging the estate to a fee. (*Kirkpatrick* v. *Kirkpatrick,* 197 Ill. 144.) The estate of the trustee was expressly limited to terminate upon the death of George Nowlan. The power of sale did not enlarge or add anything to this estate. If the trustee does not exercise that power during the life of George Nowlan the real estate will pass upon the latter's death to his heirs under the will, without any conveyance from the trustee. The trustee has no duty to perform requiring the conveyance of the real estate. The power is one which he may exercise or not, in his discretion, and the estate will pass to the heirs of George Nowlan, if at all, by direct devise of the legal title without regard to the trust.

In our judgment the decree of the circuit court should be affirmed.