[No. 16015. Department Two. January 4, 1921.]

CLYDE R. ROY, *Appellant*, v. L. ROY, *Individually and as Executor of the Estate of Euphemia Roy, Respondent.*[1]

FRAUD (14)—PLEADING—STATEMENTS CONSTITUTING FRAUD. A complaint to recover the value of land obtained from plaintiff by the fraud of his parents, is insufficient to state a cause of action where it alleges that plaintiff's parents gave him outright certain real property, and afterwards secretly made wills charging him with advancements and induced him to deed back the property in ignorance of the wills so made, upon an agreement to discharge him from all advancements which was not done, where there was no action or attempt to collect the advances.

Cross-appeals from a judgment of the superior court for King county, Ronald, J., entered May 17, 1920, dis-

[1]Reported in 194 Pac. 590.

20—113 WASH.

missing an action for fraudulent representations, upon sustaining a demurrer to the complaint, and overruling defendant's pleas in abatement and bar. Affirmed on defendant's appeal.

*Earl G. Rice, Geo. H. Rummens,* and *Lloyd R. Savage,* for appellant.

*Wright, Kelleher, Allen & Hilen,* for respondent and cross-appellant.

MOUNT, J.—The purpose of this action was to recover the sum of $30,000 from the defendant L. Roy in his personal capacity and as executor of the estate of Euphemia Roy, deceased. After a demurrer to the complaint had been overruled, the defendant filed an answer denying the allegations of fraud in the complaint and alleged two affirmative defenses. The first affirmative defense was a plea in abatement. The second affirmative defense was the statute of limitations. After replies were filed, the case came on for trial to the court and a jury.

When the first witness was called on behalf of the plaintiff, defendant's counsel objected to the introduction of any evidence upon the ground that the complaint failed to state a cause of action. This objection was not passed upon by the court at the time, but was reserved for after consideration. After the plaintiff had testified in the case, the objection was renewed; and after lengthy arguments, which appear in the record, the court sustained the objection of the defendant and dismissed the action on the ground that the complaint did not state a cause of action. The court also overruled the plea in abatement and the plea of the statute of limitations. The plaintiff has appealed from the ruling of the court dismissing the action, and the defendant has appealed from the

ruling of the court denying the pleas of the affrmative answers.

The principal question here to be determined is the sufficiency of the complaint. Since we have arrived at the conclusion that the complaint is insufficient, we shall not notice the points made by the defendant upon his appeal. The complaint is voluminous. It is succinctly stated by the appellant as follows:

"The plaintiff claims that his parents, on February 18, 1915, gave him a certain piece of real property worth $25,000, on the representation at the time that no charge would be made against him by way of an advancement, but that the same was a gift; that on February 20, 1916, the plaintiff executed and delivered to his father three notes for $5,000 each to evidence an advancement of moneys in that amount to pay losses sustained by him in business; that thereafter, on March 28, 1916, both of his parents secretly made wills in which they charge him with advancements of $45,000 altogether, including $25,000, the value of the real property, which they had previously given him outright, the moneys represented by the notes for $15,000, and some $5,000 in addition; that on June 22, 1916, he was induced to deed the real property back in ignorance of the fact that the wills had been made or the advancements charged him, and upon the further false promise and representation that in consideration of this conveyance, he would be discharged of all advancements theretofore made against him, and that in token of this discharge the three $5,000 notes were surrendered up and cancelled; that at the time L. Roy, acting for himself and as agent for the community subsisting between him and his wife, did not intend to discharge the advancements charged against him, but was intending still to charge him with the advances charged in the wills; that Euphemia Roy died on September 16, 1918. Her will was admitted to probate on September 23, 1918, and the fraud discovered immediately afterwards; that L. Roy conveyed away all the property of the estate to two older sons on January 7, 1919, and

that the making of the wills and the securing of this deed were done secretly and with the fraudulent intent and purpose, and part of a scheme, not only completely to disinherit the plaintiff, but, also, to get back the $25,000 property previously given and turn over all to the older brothers; that the plaintiff was impoverished and the marital community subsisting between L. Roy and Euphemia Roy enriched by means of this fraudulent transaction in the value of the property—$25,000 —and in addition the net rents, issues and profits since accrued amounting altogether to $30,000."

If the complaint states a cause of action, it is because of the allegations of fraud. These allegations are that, in February, 1915, the appellant's father and mother gave him outright certain real property; that afterwards the parents secretly made wills charging the appellant with advancements; that in June, 1916, the appellant, upon the representation and in consideration that he would be discharged of all advancements theretofore made against him, was induced to deed back the property in ignorance of the wills which had charged him with advancements. In short, the father agreed to cancel advances in consideration of the conveyance of the real estate back to him by his son and that these advances were not cancelled. There is no allegation that the father agreed to give the appellant any property by will as a consideration for the deed. The agreement was to cancel advances which had been made to the son. Appellant by this agreement was not to be given a preference over other children in the parents' wills, nor was he to be treated equally with them.

Children have no vested interest in the parents' estate until after the death of the parents. The parents while living are at liberty to make wills or dispose of their property as they choose. Appellant's parents were at liberty to give all of the property to other

parties or to other children, save that the appellant might not be required to pay into the estate the amount of advances which he had received at the time of this transaction. The parents were not required to make wills giving appellant any part of their property. Their obligation, if any, was to discharge advances. No doubt the appellant hoped that, in addition to being discharged of advances, he would receive a share of the estate, but this, in the absence of an agreement to that effect, could not be enforced.

This is not an action to enforce the agreement to discharge the advancement and there is no showing that the estate has collected the advances or is seeking to do so. The son is suing here for the value of the property which he alleges he gave his father upon a representation that the father would cancel advances made to him and that the advancements have not been canceled. We think it is plain that he is not entitled to recover the value of the property which he deeded to his parents. Under the allegations of the complaint, he may have a defense to the collection of advancements when such collection is asserted, but he has no cause of action to recover the value of the property which he claims to have deeded to his parents. The complaint, reduced to its simplest terms, is that the parents did not by their wills cancel advances as they had agreed to do. This is not fraud. It is simply a breach of contract, nothing more.

We are satisfied, therefore, that the complaint fails to state a cause of action for fraud.

The judgment is therefore affirmed.

Tolman, Mitchell, and Main, JJ., concur.