(No. 16042.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN F. EMERY, Appellant.

*Opinion filed October 28, 1924—Leave to file petition denied Dec. 3.*

1. DEEDS—*statement of rule in Shelley's case.* Where a life estate is granted by any instrument and by the same instrument the remainder is limited, either mediately or immediately, to the heirs of the life tenant, the life tenant takes the remainder as well as the life estate.

2. SAME—*what is essential to application of rule in Shelley's case.* To warrant application of the rule in *Shelley's case* the conveyance must be of a freehold estate, the remainder must be to heirs, named as heirs and not as children, and the freehold and the remainder must be created by the same instrument and must be of the same quality,—that is, both legal or both equitable.

3. SAME—*when deed of trust conveys an equitable estate in fee simple under rule in Shelley's case.* A conveyance to trustees, with directions to pay the rents and profits of the estate to the grantor's daughter during her life and at her death to convey the premises to such persons as might inherit her real estate as heirs-at-law is a conveyance of an equitable estate in fee to said daughter under

the rule in *Shelley's case,* as the same deed creates both an equitable life estate and the equitable remainder.

4. SAME—*what is a sufficient designation of heirs under rule in Shelley's case.* In the conveyance of a remainder "to such person or persons as may be entitled to inherit real estate by descent" from the life tenant "as her heirs-at-law" there is a sufficient designation of heirs to apply the rule in *Shelley's case,* as the language, although redundant, does not purport to explain the word "heirs" as meaning sons, children or any persons other than heirs.

5. SAME—*rule in Shelley's case will be given effect regardless of intention.* Where the necessary requisites for the application of the rule in *Shelley's case* appear in a conveyance the rule will be given effect even though the grantor has made it plain that he intended that the heirs should take by purchase from him and not by descent from the life tenant, as the rule in *Shelley's case* is a rule of law, the operation of which is independent of the intention of the grantor.

6. SAME—*excluding possible heir from share in life estate does not preclude operation of rule in Shelley's case.* The fact that the grantor, in making a conveyance of a life estate in trust for his daughter with remainder to her "heirs-at-law," has provided that the daughter's life estate shall be free from the debts, control or claim of her husband, does not preclude the operation of the rule in *Shelley's case* on the theory that to so exclude the husband, who is a possible heir of the wife in the event of her death without children, will prevent the limitation of the remainder to the heirs within the meaning of the rule.

7. DESCENT—*who are heirs.* The heirs of a person are those whom the law appoints to succeed to his property upon his death intestate.

8. SAME—*heirs who take as such must take by descent.* Where an heir takes in the character of heir he must take in the quality of heir, and all heirs taking as heirs must take by descent.

9. INHERITANCE TAX—*what does not preclude application of the rule in Shelley's case to deed of trust.* No estate, legal or equitable, vested or contingent, can be taken by one as heir of a living person, and a limitation of a remainder to the heirs of one to whom a life estate has been conveyed in trust conveys no legal interest to one who is a possible or presumptive heir of the life tenant, so as to preclude the vesting of an equitable. fee in the life tenant under the rule in *Shelley's case,* even though said possible heir is a trustee under the deed of trust.

APPEAL from the County Court of Adams county; the Hon. CHARLES G. NAUERT, Judge, presiding.

CARL E. EPLER, for appellant.

EDWARD J. BRUNDAGE, Attorney General, VIRGIL L. BLANDING, and ALBERT D. RODENBERG, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question in this case is whether, by virtue of the rule in *Shelley's case,* Emily A. Emery took an equitable estate in fee, or for life only, in the southwest quarter of the southwest quarter of section 6, town 2, south, range 8, west of the fourth principal meridian, under a deed of trust executed by her father, Walter Emery, on October 8, 1849. She died on February 26, 1923, leaving as her heirs-at-law her brother, John F. Emery, and the descendants of Charlotte Emery Smith, a deceased sister. Her will was admitted to probate in the county court of Adams county, and by it she devised all of her real estate to her brother, John, in fee simple.

The deed of October 8, 1849, conveyed the forty acres in question to John F. Emery, John Wood, Jr., and Alexander Pearson, and the survivor of them, and the heirs and assigns of such survivor, "upon the following uses and trusts, that is to say, upon the trusts to permit the said Walter Emery to retain and hold the possession of the said premises, and to receive the rents, issues and profits thereof without account, for and during his natural life, and upon the decease of said Walter Emery, and from and after that time, in trust to collect and receive the rents, issues and profits of the said premises and to pay over to the said Emily Adelaide Emery, for and during her natural life, the net proceeds of the said rents, issues and profits for the sole and separate use of the said Emily Adelaide Emery during her natural life, as aforesaid, and free from the debts, control or claim of any future husband of the said Emily Adelaide Emery, and upon the decease of the said Emily Adelaide Emery, in trust to convey the said premises in fee simple to such person or persons as may be entitled to in-

herit real estate by descent from her, as her heirs-at-law, by virtue of the statute of the State of Illinois, and in the same proportions to each as they would severally have been entitled to had the said property been by them inherited from the said Emily Adelaide Emery as her heirs-at-law."

In a proceeding to fix the inheritance tax in the estate the court adjudicated the tax upon the succession to the forty-acre tract as a part of the property of Emily A. Emery owned by her in fee. John F. Emery appealed, and an agreed case was made submitting the points of law at issue, and the case turned upon the estate conveyed to Emily by her father.

Under the rule in *Shelley's case,* if an estate for life is granted by any instrument and by the same instrument the remainder is limited, either mediately or immediately, to the heirs of the life tenant, the life tenant takes the remainder as well as the life estate. The requisites of the rule are: First, a freehold estate; second, a limitation of the remainder to the heirs of the person taking the freehold estate by the name of heirs and without explanation as meaning sons, children, etc.; third, the estates of freehold and remainder must be created by the same instrument; and fourth, the estates must be of the same quality,—that is, both legal or both equitable. (*Baker* v. *Scott,* 62 Ill. 86; *Ward* v. *Butler,* 239 id. 462.) All of these requisites are found in the conveyance in question. An equitable life estate which is a freehold is granted to Emily A. Emery. The trustees took the legal title in fee simple, for they were required, subject to the rights of Walter Emery, to retain and hold the possession of the premises during his lifetime, to receive and pay over the rents, issues and profits to Emily during her natural life, and after her death to convey the premises to such person or persons as might be entitled to inherit her real estate. Therefore both the life estate and the remainder were of the same quality,—that is, equitable estates. (*Nowlan* v. *Nowlan,* 272 Ill. 526; *Lord* v. *Com-*

*stock,* 240 id. 492; *McFall* v. *Kirkpatrick,* 236 id. 281; *Lawrence* v. *Lawrence,* 181 id. 248.) Both the equitable life estate and the equitable remainder were created by the same deed.

It is contended by the appellant that the remaining requisite to the application of the rule is lacking,—that is, the limitation to the heirs of the person taking the life estate by that name and not to the heirs, as meaning or explained to be sons, children, etc. The heirs of a person are those whom the law appoints to succeed to his property upon his death intestate. (*Gauch* v. *St. Louis Mutual Life Ins. Co.* 88 Ill. 251.) Therefore, when the deed of trust directed the trustees, after the death of Emily A. Emery, to convey the premises in fee simple to such person or persons as might be entitled to inherit real estate by descent from her, as her heirs-at-law, by virtue of the statute of the State of Illinois and in the same proportions to each as they would severally have been entitled to had the property been by them inherited from Emily as her heirs-at-law, it did no more and no less than direct a conveyance to the heirs-at-law of Emily. The periphrasis made no change in the actual thing expressed. The requisite of the rule is a conveyance to the heirs as heirs, and the conveyance to the persons entitled by virtue of the statute of the State of Illinois to inherit real estate by descent is a conveyance to the heirs though the language used to express the idea is excessive. The substance of the instrument is not affected by the redundant language. This language does not purport to explain the heirs as meaning sons, children or anything other than heirs, taking the estate as heirs by reason of the limitation to them as such.

It is argued that the grantor designated the persons whom he intended to take as effectively as if they had been mentioned by their names in the deed, though he could not name them in advance but could only describe them in the manner he did. There was no definition of persons except

as heirs, to take as heirs, and not as descendants, children, relatives or in any other capacity. When an heir takes in the character of heir he must take in the quality of heir, and all heirs taking as heirs must take by descent. (*Baker* v. *Scott, supra.*) No doubt the grantor has made it plain that he intended that the heirs should take by purchase from him and not by descent from the life tenant under the rule in *Shelley's case,* but this rule is a rule of law, whose operation is independent of the intention of the grantor when the requisites of the rule exist, and cannot be evaded however distinctly the intention to evade it appears.

It is contended that because the deed directs the trustees to pay over to Emily A. Emery, during her life, the rents, issues and profits for her sole and separate use, free from the debts, control or claim of any future husband, therefore the husband would not be entitled to inherit from her, and the conveyance to the persons who might be entitled to inherit excluded one who might be an heir-at-law, and therefore the rule did not apply. This provision did not, however, exclude the husband from inheriting in case of his wife's death leaving no children. It referred only to the life estate, the rents and profits of which were to be paid over to Emily, during her life, for her sole and separate use, free from the debts, control or claim of her husband. It had no reference to the estate granted after her death.

Again, it is said that John F. Emery was a presumptive heir of his sister, Emily, when the deed was made, and that therefore he had a vested interest as such presumptive heir, subject to the contingency of her marrying and leaving issue surviving her; that this vested estate being legal and Emily's life estate being equitable, the rule did not apply. An heir apparent or presumptive has no estate, legal or equitable, vested or contingent, in the real estate of the person whose heir he is, during the latter's lifetime. No one can be the heir of a living person. The limitation of the remainder to the heirs of Emily conveyed no estate to

314—15

John and conferred no interest on him. He had a possibility of inheriting and no estate either vested or contingent.

The effect of the deed of trust was to convey to Emily A. Emery an equitable estate in fee simple. The judgment of the county court was right and will be affirmed.

*Judgment affirmed.*