Estate of Hood: Stein, imp., Appellant, vs. Meyer, Administrator, and others, Respondents.

*November 10—December 8, 1931.*

For the appellant there were briefs by *Hill & Miller* of Baraboo and *William English Brown* of Milwaukee, guardian *ad litem,* and oral argument by *Mr. James H. Hill* and *Mr. Brown.*

For the respondents there was a brief by *H. G. Smieding* of Racine, attorney, and *Sol P. Huntington* of Green Bay of counsel, and oral argument by *Mr. Huntington.*

FRITZ, J.   On January 2, 1931, John A. Hood died intestate.   He had not been married, and left no surviving descendants or natural parents.   On October 15, 1915, pursuant to proper proceedings in the county court of Racine county, he had been duly adopted by Dorothy Hood, a widow, who died in 1919.   He was survived by his natural brother and sister, Daniel G. Meyer and Mamie J. Meyer, and they claimed to be his only heirs at law.   On January 6, 1931, on the petition of Mamie J. Meyer, and a waiver of notice under sec. 310.05, Stats., signed by her and Daniel G. Meyer, the latter was appointed administrator of the estate

of John A. Hood. In February, 1931, the appellant, Walter Stein, and other next of kin of Dorothy Hood petitioned for the revocation of the appointment of Daniel G. Meyer as such administrator, on the ground that they as the next of kin of Dorothy Hood were the heirs at law of John A. Hood; and that Mamie J. Meyer and Daniel G. Meyer are not the heirs at law of John A. Hood, and are not entitled to the administration of his estate. Upon his adoption in 1915 John A. Hood became the heir at law of Dorothy Hood, his adoptive mother, by virtue of sec. 4024, Stats. 1915, which provided that "a child so adopted shall be deemed, for the purposes of inheritance and succession by such child, . . . the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption." The order adopting Hood changed his status as a child, destroyed the parental relationship theretofore existing between him and his natural parents, and created a new relationship between him and Dorothy Hood, his adoptive parent, which had all the incidents of a status. *Stickles v. Reichardt,* 203 Wis. 579, 234 N. W. 728. That status existed when Dorothy Hood died. Thereafter nothing occurred to supersede that status or to restore the legally destroyed parental relationship which had existed up to 1915 between John A. Hood and his natural parents. As to those natural parents, sec. 4024, Stats. 1915, further provided:

"The natural parents of such child shall be deprived, by such order of adoption, of all legal rights whatsoever respecting such child."

Consequently, upon his adoption in 1915, Hood's natural parents were deprived of all legal rights whatsoever respecting Hood, and as nothing occurred thereafter to restore their former legal rights, which had been destroyed by his adoption, no such rights existed or vested in his natural parents

or their heirs, at any time between such adoption and Hood's death in 1931. However in 1915 and until amended in 1929, sec. 4024, Stats., did not specifically state who were the heirs at law of an adopted child.

With that state of affairs as to Hood's status as an adopted child, sec. 4024, Stats. 1915 (renumbered sec. 322.05 by ch. 4, Laws of 1925), was repealed and re-enacted as sec. 322.07, Stats. 1929 (sec. 7, ch. 439, Laws of 1929). As thus re-enacted the statute retained the words, "a child so adopted shall be deemed for the purposes of inheritance and succession . . . the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption." But the words "by such child," which formerly followed the word "succession" in sec. 4024, Stats. 1915, were omitted in the 1929 statute, and thus, as a result of that omission, the scope of the provision as to "inheritance and succession" was no longer limited to inheritance and succession "by such child." Instead, the matter of inheritance from the adopted child by its adoptive parents, and even their heirs and next of kin, was expressly covered in sec. 322.07, Stats. 1929, by this provision:

"The adoptive parents of such child and their heirs and next of kin shall be deemed for the purposes of inheritance and succession by such parents, their heirs and next of kin, the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption, and they shall take in accordance with the general statutory provisions regulating inheritance and succession as between a parent and a child dying without issue; providing further, that if no heirs or next of kin are found in the line of the adoptive parents, the property of the deceased shall go to the natural parents, and, in case they have died, then in their line of descent."

Under that express provision the heirs of the adoptive parent, Dorothy Hood, are the heirs of John A. Hood, unless sec. 322.07, Stats. 1929, is unconstitutional because it

changes the descent of the property of an adopted child from his kindred of the blood to his adoptive parents, their heirs and next of kin; or that statute is not applicable to an adoptive status created in 1915 before the enactment of the 1929 statute, or when the adoptive parent died before the 1929 enactment.

Was that change by ch. 439, Laws of 1929, in the line of descent of the property of an adopted child from his natural parents and their heirs, to his adoptive parents and their heirs, such an unreasonable legislative regulation as to render that statutory change invalid? Although this court held in *Nunnemacher v. State*, 129 Wis. 190, 202, 108 N. W. 627, that "the right to demand that property pass by inheritance or will is an inherent right, subject only to reasonable regulation by the legislature," it was expressly recognized in that decision that by reasonable legislative regulation "the lines of descent may be prescribed, the persons who can take as heirs or devisees may be limited, collateral relatives may doubtless be included or cut off. . . ." That decision was subsequent to the decision in *Black v. State*, 113 Wis. 205, 89 N. W. 522, in which Mr. Justice MARSHALL, in an instructive concurring opinion, had maintained that the absolute ownership of property had "as a necessary incident the power, express or implied, under proper regulations to name a successor, with the right of kindred to have such power exist," but, nevertheless, had added these significant words to that statement: "leaving for sovereign authority, as its legitimate function in case of intestacy, to make a will, so to speak, distributing the property . . . along the lines of his presumed intention as embodied in the statutes, providing for a continuance of private ownership in such cases" (p. 230).

In *Estate of Bradley*, 185 Wis. 393, 201 N. W. 973, this court expressly refrained from expressing an opinion on the question of whether the legislature possessed the power of

prescribing a course of descent which will take property of deceased persons out of the current, of the blood, but stated in that connection: "We are now emphasizing the fact that to accomplish such purpose the legislature should use explicit and unmistakable language" (p. 397).

Subsequent to that decision, sec. 322.07, Stats. 1929, was enacted, and the language used in that section is certainly explicit and unmistakable in providing that the adoptive parents, and their heirs and next of kin, shall be deemed, for the purpose of inheritance and succession by such parents, their heirs and next of kin, the heirs of an adopted child "the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption;" and that "they shall take in accordance with the general statutory provisions regulating inheritance and succession as between a parent and a child dying without issue." The change as to heirship which was thus effected by sec. 322.07, Stats. 1929, does not affect the adopted child's right—or the right, if any, of his kindred—to the continuance of the power of the adopted child, as owner, to dispose of his property by will or otherwise; and it does not affect the right of his lineal descendants to inherit his property. On the other hand, the statute does expressly subordinate the potential right of inheritance and succession of the natural parents of an adopted child, and the heirs of such parents, to the lines of descent to the adoptive parents, and their heirs and next of kin, as prescribed by the legislature. Whether that result should be one of the incidents and consequences of the status of an adopted child under our statutes, involves questions of public policy, which were rightly matters for determination by the legislature. Adoption necessarily contemplated and involved the substitution of the adoptive parents for the natural parents; and the scope and extent of such substitution, and the incidents and consequences thereof, including the rights of all parties involved, and their respective kindred, to the inheritance and succession of the property of the adopted

child, as well as of the adoptive parents, were all rightly matters for legislative consideration and reasonable regulation. As the statute neither affects the right of the natural children or lineal descendants of an adopted child to inherit his property, nor his power, as owner, to name a successor, or otherwise dispose of his property, it is not an unreasonable legislative regulation. The statutory change in sec. 322.07, Stats. 1929, was well within the exercise of the authority of the sovereign, "as its legitimate function, in case of intestacy, to make a will, . . . distributing the property of the deceased along the lines of his presumed intention as embodied in the statute."

Is the 1929 statute applicable and controlling as to an adoptive status created in 1915, or when the adoptive parent died prior to the 1929 enactment? In considering that question it must be noted that, as this court said in *McCracken v. Rogers,* 6 Wis. 278, 281:

"It cannot be denied that the legislature have authority to prescribe the rule of succession, and having done so courts cannot abridge the scope and meaning of the statute in following out and adopting any course of reasoning however specious or ingenious. It would be very unsafe if we should attempt to break the force of a plain provision of law by undue refinements upon it."

Although ch. 439, Laws of 1929, repealed former statutes relating to adoption, it also re-enacted, with some modification, some of the repealed sections. Under those circumstances the rule applies "that where a statute has been repealed and then wholly or partially re-enacted, such re-enacted portion of the statute will be regarded as a continuation of the old statute." *State ex rel. Holland v. Lammers,* 113 Wis. 398, 86 N. W. 677, 89 N. W. 501; *E. L. Husting Co. v. Milwaukee,* 200 Wis. 434, 437, 228 N. W. 502. The words, "a child so adopted shall be deemed for the purposes of inheritance a . . . ," which are used at the commencement of sec. 322.07, Stats. 1929, are but a re-enactment of the same

words that were used in sec. 4024, Stats. 1915, in relation to the same general subject matter. Consequently, literally, and in meaning and effect, those words are but a continuation of the same provision that was in sec. 4024, Stats. 1915; and as used in either section those words and the provisions following them in sec. 322.07, Stats. 1929, as well as in sec. 4024, Stats. 1915, are applicable to the status of John A. Hood by virtue of his adoption in 1915. *Sorenson v. Rasmussen,* 114 Minn. 324, 131 N. W. 325. In 1915 and, in fact, up to the time of Hood's death in 1931, no right of inheritance accrued or vested in favor of any of his potential heirs, including his natural parents and his natural brother and sister. It is elementary that an heir apparent or presumptive has no estate, legal or equitable, vested or contingent, in the property of the person whose apparent heir he is during that person's lifetime. No person can be the heir of a living person. *Sorenson v. Rasmussen, supra; People v. Emery,* 314 Ill. 220, 145 N. E. 349; *In re Simon's Estate,* 158 Mich. 256, 122 N. W. 544; *Roy v. Roy,* 113 Wash. 609, 194 Pac. 590; *LaRue v. LaRue,* 317 Mo. 207, 294 S. W. 723.

"As the right of one person to inherit the property of another becomes vested on the death of the latter, the statutes in force at the time of his death, as against statutes in force at a prior or subsequent date, govern the disposition of the estate. . . ." 18 Corp. Jur. p. 808, § 6.

Consequently when sec. 322.07, Stats. 1929, was enacted it did not affect any existing or vested rights of inheritance. Its purpose was merely prospective and not retroactive. It related solely to future inheritances of property by reason of deaths thereafter to occur. In *Sorensen v. Rasmussen, supra,* the court in construing a statute which was held to place an adopted child on the same footing, including heirship, as a natural child, said:

"It is urged that to apply this statute to all adopted children makes it retrospective, and that such construction should

not be given the law unless it clearly appears that it was so intended by the enacting body. We do not think this statute falls within the class of laws to which this rule of construction contended for by appellant is frequently and properly applied. This statute does not give to past acts a new effect upon mutual rights or liabilities. Nor does it change or affect existing rights. Rights by inheritance in an estate do not accrue until the death of the owner intestate. A law. providing for the future descent of property is prospective. The statute in question, at its passage, related to future inheritances by adopted children. It conferred or took away no present right. A law of inheritance making a change in the prior law as to adopted children—a numerous, permanent, existing class of persons—does not differ in principle from a law making a change in the rules of inheritance of property by force of the relationship of husband and wife or through the relationship between other classes, and no different rule of construction of a statute effecting such change is required.

"Under a New York statute conferring upon adopted children the rights of inheritance of natural children, this exact question of the application of the statute to children adopted prior to its passage arose, and the statute was held to apply to all adopted children. *Dodin v. Dodin,* 16 App. Div. 42, 44 N. Y. Supp. 800; *Theobald v. Smith,* 103 App. Div. 200, 92 N. Y. Supp. 1019; *Gilliam v. Guaranty Co.* 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536. In *Dodin v. Dodin, supra,* it is stated: 'The adoption pursuant to the act of 1873 created the relation of parent and child. . . . This being the existing relation between them, the status of the child in respect to her inheritable capacity was distinct from and independent of the act of adoption, and was subject to legislative control. The endowing her with the former by a later statute had no effect upon the act of adoption. It merely modified the law of descent as applied to children before then adopted, as well as to those who should thereafter be placed in that relation. . . . The effect and operation of the act in question, then, is prospective, not retrospective.' "

It follows that when sec. 322.07, Stats., was enacted in 1929 its application extended to all within the relationship therein mentioned, who were affected by an existing adop-

tion status. John A. Hood was and continued in that class until he died in 1931. Sec. 322.07, Stats. 1929, expressed the legislative will as to the descent of his property if he died intestate after the enactment of that statute. The scope and effect of that statute was not limited to the inheritance or succession of Hood's property by his adoptive parent. By its express terms it extended to such inheritance and succession by the heirs and next of kin of such adoptive parent; and such inheritance and succession by such heirs and next of kin was in no respect dependent upon the continuance of the life of the adoptive parent up to the time of the enactment of the statute, or until after the death of the adopted child. On the other hand, under the very terms of the statute the natural parents were expressly deprived of all legal rights to the adopted child's property, and no right of inheritance or succession vested in such natural parents unless and until it developed, upon the death of the adopted child, dying intestate, that no adoptive parents survived and that no heirs or next of kin were found in the line of such adoptive parents. Then only is the property of a deceased adopted child, to go to the natural parents and, in case they have died, then in their line of descent. Furthermore, the provisions of sec. 322.07, Stats. 1929, extend to all property of which the adopted child died seized or in possession, regardless of how or from whom such property came to such child. In that respect the rule as to inheritance and succession, which is prescribed by sec. 322.07, Stats. 1929, as to all such property of an adopted child, necessarily supersedes and obviates all occasion for the application of sec. 237.04, Stats. (enacted in 1882). The latter section relates solely to property which came to an adopted child from the estate of its adoptive parent, and as the rule prescribed by that section is not inconsistent with the rule as now prescribed by sec. 322.07, Stats. 1929, in relation to all property of which the adopted

child dies seized, there is no conflict between the provisions of the two sections, and no express repeal of sec. 237.04, Stats., was necessary to avoid any inconsistency. It follows in the case at bar, that under the express provisions of sec. 322.07, Stats. 1929, because of the survival of heirs and next of kin of the adoptive parent, Dorothy Hood, the contingent provision of the statute for inheritance or succession by John A. Hood's natural parents or others in their line of descent never became operative and effective. Under the circumstances Daniel G. Meyer and Mamie J. Meyer are not in law the heirs or next of kin of John A. Hood. Their appearance and waiver of notice of the application for the appointment of an administrator was ineffectual, and the appointment of Daniel G. Meyer as such administrator should have been set aside on the petition of appellant and others as the heirs and next of kin of Dorothy Hood.

*By the Court.*—Order reversed, with directions to set aside the order appointing Daniel G. Meyer as administrator.