IN the MATTER OF the ESTATE OF Lorenz E. JANK,
Deceased:

James J. WINIARSKI, successor personal representative
of the Estate of Lorenz E. Jank, Appellant,

v.

Gerald J. MIICKE, Respondent.†

Court of Appeals

*No. 94–0479–FT. Submitted on briefs June 15,
1994.—Decided July 12, 1994.*

(Also reported in 521 N.W.2d 162.)

†Petition to review denied.

On behalf of the appellant, the cause was submitted on the briefs of *James J. Winiarski* of Milwaukee.

On behalf of the respondent, the cause was submitted on the briefs of *Gordon A. Borman* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J.  James J. Winiarski, as successor personal representative of the Estate of Lorenz E. Jank, appeals from a trial-court order declaring Gerald J. Miicke to be an "interested party" in the Jank estate.[1] Underlying this determination was the trial court's finding that Miicke was Mr. Jank's heir.[2] We reverse.

The facts material to this appeal are few and undisputed. Miicke was born in 1931 to the decedent, Lorenz E. Jank, and his wife Helen Jank, who died in childbirth. In 1933, Miicke was adopted by his mater-

---

[1] Although the order entered by the trial court refers to "interested party," the proper designation is "person interested." *See* § 851.21, STATS.

[2] Section 851.21(1)(a), STATS., provides that a decedent's heir is a "person interested" in the decedent's estate.

nal grandparents.[3] Mr. Jank died intestate in 1991. Winiarski contends that Miicke's right to inherit from Mr. Jank by intestate succession was terminated by § 851.51(2), STATS., which provides, with exceptions not relevant here, that a lawfully adopted child may not take by intestate succession from his or her birth parents.[4] Section 851.51(2) became effective on February 8, 1970.[5] The trial court's ruling was premised on its

---

[3] The lawfulness of the adoption is not challenged on appeal. ·

[4] Section 851.51, STATS., provides, as relevant to our discussion:

**Status of adopted persons for purposes of inheritance, wills and class gifts. (1)** INHERITANCE RIGHTS BETWEEN ADOPTED PERSON AND ADOPTIVE RELATIVES. A legally adopted person is treated as a natural child of his adoptive parents for purposes of intestate succession by, through and from the adopted person and for purposes of any statute conferring rights upon children, issue or relatives in connection with the law of intestate succession or wills.

    **(2)** INHERITANCE RIGHTS BETWEEN ADOPTED PERSON AND NATURAL RELATIVES. A legally adopted person ceases to be treated as a child of his natural parents for the same purposes, except:

    (a) If a natural parent marries or remarries and the child is adopted by the stepparent, the child is treated as the child of his natural parent for all purposes;

    (b) If a natural parent of a marital child dies and the other natural parent remarries and the child is adopted by the stepparent, the child is treated as the child of the deceased natural parent for purposes of inheritance through that parent and for purposes of any statute conferring rights upon children, issue or relatives of that parent under the law of intestate succession or wills.

[5] Section 851.51, STATS., was enacted as part of the general revision of the probate code in L.1969, c. 339, § 26, which was published on February 7, 1970. Except for § 851.51, chapter 851 became effective July 1, 1970. Section 851.001, STATS. Section 851.51(3), STATS., "applies to all wills, deeds, trusts or other instruments executed on or after April 1, 1971." Section 851.51 (3). No specific effective date is given for § 851.51(1) or (2),

belief that § 851.51(2) was prospective only, and therefore did not apply to Miicke's situation.

Whether § 851.51(2), STATS., cuts off the intestate-succession rights of those persons lawfully adopted prior to its effective date is a matter of first impression. We decide this legal issue *de novo*. *See Schulz v. Ystad*, 155 Wis. 2d 574, 596, 456 N.W.2d 312, 320 (1990) (whether statute applies retroactively is a question of law decided by appellate courts *de novo*).

Statutes affecting substantive rights are not applied retroactively, unless the legislature clearly so intended. *Schulz*, 155 Wis. 2d at 597, 456 N.W.2d at 320 ("no law should be enforced before people can learn of its existence and conduct themselves accordingly"); *Bair v. Staats*, 10 Wis. 2d 70, 78, 102 N.W.2d 267, 272 (1960). When Miicke was adopted by his maternal grandparents, the law in Wisconsin permitted an adopted child to inherit from his or her birth parents. *Sauer v. Goetsch*, 216 Wis. 289, 257 N.W. 28 (1934). Nevertheless, the right to take by intestate succession does not exist until the decedent dies intestate. *Stein v. Meyer*, 206 Wis. 227, 234-235, 239 N.W. 448, 450-451 (1931). Thus, intestate succession is governed by statutes "in force at the time of the death of the intestate." *Hull v. Collins*, 259 Wis. 453, 455, 49 N.W.2d 483, 484 (1951). Accordingly, a statute enacted after an adoption that alters the effect of the adoption on the right to inherit from a intestate decedent is *prospective, not*

---

STATS. Accordingly, they became effective the day after chapter 339 was published. *See* § 991.11, STATS. ("Every act and every portion of an act enacted by the legislature over the governor's partial veto which does not expressly prescribe the time when it takes effect shall take effect on the day after its date of publication as designated under s. 35.095(3)(b).").

*retroactive*, as long as the statute was effective before the intestate's death. *Stein*, 206 Wis. at 234-236, 239 N.W. at 450-451. Although Miicke was adopted in 1933, and, therefore, may have had an expectancy of being able to take from Mr. Jank by intestate succession, that expectancy disappeared upon the enactment of § 851.51(2), STATS. At that point, Mr. Jank could have accomplished what Miicke now seeks by the simple expedient of making a will and naming Miicke as a beneficiary.[6] Although there might be problems with applying a law limiting intestate succession so as to adversely affect circumstances that became fixed prior to its enactment, *cf. Schulz*, 155 Wis. 2d at 597, 456 N.W.2d at 320 ("as a matter of justice, no law should be enforced before people can learn of its existence and conduct themselves accordingly"), this is not the case here.

---

[6] Section 851.51(3), STATS., provides:

CONSTRUCTION OF CLASS GIFT AS INCLUDING ADOPTED PERSONS. A gift of property by will, deed or other instrument to a class of persons described as issue, lawful issue, children, grandchildren, descendants, heirs, heirs of the body, next of kin, distributees or the like includes a person adopted by a person whose natural child would be a member of the class or issue of the adopted person, if (a) the instrument does not expressly exclude adopted persons, (b) the conditions for membership in the class are otherwise satisfied, and (c) the adopted person was a minor at the time of adoption, or was adopted after having been raised as a member of the household by the adoptive parent from the child's 15th birthday or before. *Unless the instrument expressly provides otherwise such a gift excludes a natural child and his issue otherwise within the class if the child has been adopted and would cease to be a child of his natural parents under sub. (2) for purposes of inheritance from the testator.* This subsection applies to all wills, deeds, trusts or other instruments executed on or after April 1, 1971.

(Emphasis added.)

*By the Court.*—Order reversed.