MAHAN, Appellant, vs. HERREID, Acting Commissioner of Banking, and another, Respondents.

*February 11—March 7, 1933.*

*Warren H. Harris,* attorney, and *Frank R. Bentley* of counsel, both of Madison, for the appellant.

For the respondent Herreid there was a brief by *Vroman Mason,* attorney, and oral argument by *Mr. Mason* and *Mr. T. N. Burke,* both of Madison.

NELSON, J. The principal question presented on this appeal is whether the securities deposited by the bank with the state treasurer are properly available to secure or protect the plaintiff's trust agreement. This question, which is before us for the first time, depends for its solution upon the construction of certain applicable statutes. We must ascertain the legislative intent and construe the statutes accordingly. This may be done by construing the language of the statutes themselves or, in case of any doubt or ambiguity, by looking to the legislative history of the several statutes and to the reasons for their enactment. *Polzin v. Wachtl,* 209 Wis. 289, 245 N. W. 182.

Prior to the enactment of ch. 555, Laws of 1921, state banks had no authority to act in a fiduciary capacity.

On December 23, 1913, the Congress of the United States enacted the Federal Reserve Act (38 U. S. Stats. at L. 251). Sec. 11 (k) of that act authorized and empowered the Federal Reserve Board:

"To grant by special permit to national banks applying therefor, when not in contravention of state or local law,

the right to act as trustee, executor, administrator, or registrar of stocks and bonds under such rules and regulations as the said board may prescribe." 38 U. S. Stats. at L. 262.

Said sec. 11 (k) was, on September 26, 1918, amended by the Congress. Ch. 177, 40 U. S. Stats. at L. 967, 968.

The Federal Reserve Board was authorized to grant to national banks by special permit the additional right to act as "guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which state banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located." That act also provided:

"Whenever the laws of a state require corporations acting in a fiduciary capacity, to deposit securities with the state authorities for the protection of private or court trusts, national banks so acting shall be required to make similar deposits and securities so deposited shall be held for the protection of private or court trusts, as provided by the state law.

"National banks in such cases shall not be required to execute the bond usually required of individuals if state corporations under similar circumstances are exempt from this requirement."

The act also provided that the books and records of national banks exercising fiduciary powers "shall be open to inspection by the state authorities to the same extent as the books and records of corporations organized under state law which exercise fiduciary powers," not however authorizing such authorities to examine the books, records, and assets of national banks not held in trust.

By ch. 420, Laws of 1921, the legislature created a new section, 2023. That section, among other things, required the commissioner of banking to examine the trust department of every national bank which had been granted a permit by the Federal Reserve Board to act in a fiduciary ca-

pacity under the provisions of sub. (k) of sec. 11 of the Federal Reserve Act, and authorized the state treasurer to receive from every such national bank a deposit of security approved by the commissioner of banking in the manner which is required of trust company banks organized under the laws of this state. The same legislature (1921), later in the session, enacted ch. 555, relating to the organization and powers of state banks, and thereby created several new sections: 2024—06 to 2024—12. Sec. 2024—9 (5) provided that when authorized by the commissioner of banking and after complying with all requirements of law, etc., "any bank may act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, and in any other fiduciary capacity in which trust company banks are permitted to act and when so appointed, is authorized and shall be required to execute bond with a corporation authorized to transact surety business as surety in such amount and in other respects as shall be directed or approved by the court exercising jurisdiction of such trust." It is obvious that chs. 420 and 555, Laws of 1921, were enacted in response to sec. 11 (k) of the Federal Reserve Act as amended. It seems equally clear that the authority given to the commissioner of banking to permit state banks to act in the several fiduciary capacities therein enumerated was intended by the legislature to be limited by the language "and when so appointed . . . shall be required to execute bond . . . in such amount and in other respects as shall be directed or approved by the court exercising jurisdiction of such trust." Giving to the language of the statute its common and approved meaning and giving force to all of its provisions, it seems clear that the legislature intended that a state bank should be permitted to act only in fiduciary capacities to which it might be appointed to act by a court exercising jurisdiction of such trust and under bond executed by a

surety company in such amount and in other respects as shall be directed by the court. Prior to the enactment of ch. 265, Laws of 1927—now sec. 221.04 (6),—state banks acting as fiduciaries were required to furnish bonds. By the enactment of said ch. 265, sec. 221.04 (6), Wis. Stats., was amended by inserting before the word "bank," where it first occurs in said section, the word "state," thereby in-tending that the statute should be confined to "any state bank," and by inserting into the statute, immediately after the provisions thereof relating to the giving of a corpora-tion or surety bond, the following proviso:

"Provided, that any state bank so authorized by the com-missioner of banking which shall comply with section 223.02 of the statutes shall be exempt from furnishing the bond hereinbefore specified and shall be entitled to the same exemption as to making and filing any oath or giving any bond or security as is conferred on trust company banks by subsection (8) of section 223.03 of the statutes."

Sec. 223.03 (8) is found in ch. 223, which relates only to trust company banks and is as follows:

"(8) In case of such appointment or in case such cor-poration shall be named as an executor in any will or as assignee in any assignment for the benefit of creditors, it shall not be required to make and file any oath or give any bond or security, except in the discretion of the court mak-ing such appointment, or having jurisdiction of such will or assignment."

The words "in case of such appointment" obviously refer to the following language found in the preceding sub. (7):

"And in all cases in which application shall be made to any court for the appointment of any person in any such capacity, it shall be lawful to appoint such corporation with its consent, to hold such office or offices." (Executor, ad-ministrator, trustee, receiver, assignee or guardian of any minor or insane or incompetent person, lunatic, or any per-son subject to guardianship.)

While sec. 11 (k) of the Federal Reserve Act authorizes national banks, having permits, to deposit securities "whenever the laws of a state require corporations acting in a fiduciary capacity to deposit securities with the state authorities for the protection of private or court trusts, national banks so acting shall be required to make similar deposits, and securities so deposited shall be held for the protection of private or court trusts as provided by the state law," the legislature of this state never authorized state banks to act in a fiduciary capacity with respect to a private trust as distinguished from a court trust. It seems clear that the legislature intended to authorize state banks to act only in fiduciary capacities under court appointment and supervision and that the deposit of securities with the state treasurer was for the purpose of exempting state banks so appointed from the giving of surety bonds. It follows, therefore, that the securities deposited by the Capital City Bank with the state treasurer did not protect and were not intended to protect *cestuis que trustent* whose rights did not arise under court appointment, i. e. court trusts. The plaintiff has no claim to a lien upon the securities deposited with the treasurer. She is entitled to no protection therefrom.

Is she entitled, under the stipulated facts, to a preferred claim against the assets of the bank? The plaintiff contends that she delivered to the bank $2,000 for investment in such securities as are legal for the investment of trust funds; that the $2,000 was not so invested, and that as a result of such failure a trust resulted and she should be permitted to trace and claim her said moneys. Numerous cases are cited in support of the contention, among which are the following: *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, 58 N. W. 383; *Dowie v. Humphrey,* 91 Wis. 98, 64 N. W. 315; *Hyland v. Roe,* 111 Wis. 361, 87 N. W. 252; *Boyle v. Northwestern Nat. Bank,* 125 Wis. 498, 103 N. W. 1123,

104 N. W. 917; *Emigh v. Earling,* 134 Wis. 565, 115 N. W. 128, affirmed in 218 U. S. 27, 30 Sup. Ct. 672. The difficulty with plaintiff's position is not so much in the law as in the complete failure of proof to sustain it. As before stated, the facts were stipulated. The action was determined by the trial court on such facts. The stipulation contains no facts which would permit a court to find that plaintiff's money was in the bank within the meaning of the decisions, at the time it became delinquent. There is no evidence which would permit us to say that the trial court erred in concluding that the plaintiff was not entitled to a preferred claim against the assets of the bank.

. *By the Court.*—Judgment affirmed.