ESTATE OF SAUER: SAUER, Appellant, vs. GOETSCH, Respondent.

*October 10—November 6, 1934.*

For the appellant there were briefs by *Doucette & Savage* of Milwaukee, and oral argument by *John F. Savage* and *Joseph J. Doucette.*

For the respondent there was a brief by *Arthur A. Mueller,* attorney, and *Paul H. Paulsen* and *Herbert J. Mueller* of counsel, all of Milwaukee, and oral argument by *Herbert J. Mueller.*

NELSON, J.   The sole question to be determined is whether in this state a child by virtue of his adoption loses his right to inherit from his natural parent.

The facts are simple and not in dispute. Amanda Goetsch is the child of Otto Sauer and Martha Sauer, born in lawful wedlock on May 29, 1891. On January 17, 1900, as a result of proceedings had in the county court of Milwaukee county, she was duly adopted by one Franz Stutzke, a widower, who thereafter died on January 27, 1903. Otto Sauer, Amanda's natural father, died on October 7, 1909. Martha Sauer, Amanda's mother, died intestate on May 19, 1933, leaving her surviving George E. Sauer, a son, and the said Amanda.

A determination of this controversy requires a construction of sec. 322.07, Stats., to the end that the meaning thereof and the legislative intent expressed therein may be ascertained.

Sec. 322.07 is as follows:

"322.07 *Effect of adoptions.* A child so adopted shall be deemed, for the purposes of inheritance and succession and for all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents. The adoptive parents of such child and their heirs and next of kin shall be deemed for the purposes of inheritance and succession by such parents, their heirs and next of kin, the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption, and they shall take in accordance with the general statutory provisions regulating inheritance and succession as between a parent and a child dying without issue; providing further, that if no heirs or next of kin are found in the line of the adoptive parents, the property of the deceased shall go to the natural parents, and, in case they have died, then in their line of descent. The natural parents of such child shall be deprived, by such order of adoption, of such legal rights, if any, of whatsoever nature which they may have respecting such child and its property. Such child shall be freed from all legal obligations of maintenance and obedience to such natural parents; provided, that where the

adoptive parent of such child shall be married to one of the natural parents of such child then the relation of such child toward such natural parent so married to the adoptive parent shall be in no way altered by such adoption, and the natural rights and obligations of such natural and adoptive parent toward such child shall be the same as if such child were the natural child of both the natural parent and the adoptive parent."

The first sentence of sec. 322.07 in our opinion deals with the right of an adopted child to inherit from his adoptive parents. The second sentence gives to adoptive parents, their heirs and next of kin, the right to inherit from an adopted child, *Estate of Hood,* 206 Wis. 227, 239 N. W. 448, and also gives to the natural parents of an adopted child the right to inherit from him under certain circumstances. The third sentence provides that the natural parents shall, by virtue of the order of adoption, be deprived of such legal rights as they may have respecting such child and its property. The fourth sentence frees the adopted child from the legal obligation to maintain and obey his natural parents. The proviso contained in the fourth sentence relates to a situation where a natural parent is married to a parent by adoption. The statute explicitly and unmistakably covers, (1) the right of an adopted child to inherit from his adoptive parents, (2) the right of adoptive parents to inherit from their adopted child, (3) the right of natural parents, under certain circumstances, to inherit from an adopted child notwithstanding his adoption, but it does not explicitly or unmistakably give or deny to the adopted child the right to inherit from its natural parents. It was held in *Estate of Bradley,* 185 Wis. 393, 201 N. W. 973, that a statute which interferes with the descent of property from intestate deceased persons to kindred of the blood or interrupts the natural course of the descent of property should be strictly construed, not only because it contravenes the common law and is repugnant to fixed notions

of natural justice, but because of the holding of this court that the right to inherit property is a natural right which the legislature cannot destroy. *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627. This court in that case expressly refrained from expressing an opinion as to whether the legislature possessed the power to prescribe a course of descent which would take the property of a deceased person out of the current of the blood, but said:

"We are now emphasizing the fact that to accomplish such purpose the legislature should use explicit and unmistakable language."

In *Estate of Hood, supra,* it was held that the legislature, in sec. 322.07, had used explicit and unmistakable language clearly manifesting its intention that the adoptive parents and their heirs and next of kin should be deemed, for the purposes of inheritance and succession, the heirs of an adopted child.

The appellant earnestly contends that the first sentence of sec. 322.07 should be construed as destroying every vestige of an adopted child's relationship to his natural parents, including the right to inherit from them, and that such child after his adoption should be considered as though born in the wedlock of his adoptive parents. There would be considerable force to the contention if sec. 322.07 contained no more than the first sentence. Had the legislature intended the first sentence of that section to have the meaning given to it by the appellant, it would have been unnecessary to enact much of the remainder of that section. It is our opinion that the legislature did not intend to deny to an adopted child the right to inherit from his natural parents. Certainly there is no explicit and unmistakable language impelling a contrary conclusion.

Were there any doubt as to the meaning of the language found in sec. 322.07 or any ambiguity appearing therein,

such doubt, in our opinion, would be removed by considering the legislative history of the act. When doubts arise as to the meaning of a statute its legislative history may be considered. *Polzin v. Wachtl,* 209 Wis. 289, 245 N. W. 182; *Mahan v. Herreid,* 211 Wis. 79, 247 N. W. 468. Sec. 322.07 was enacted by the 1929 legislature as a part of the so-called Children's Code, ch. 439. There appears to have been a state-wide interest in the bill as manifested by the unusually large number of people who appeared before the committee in support of the bill. The original bill was introduced on February 14th, as Assembly Bill No. 237. Substitute Amendment No. 1A to Bill No. 237A was thereafter, on May 7th, introduced by the committee on judiciary and recommended for passage. Substitute Amendment No. 1A as submitted contained the following language in sec. 322.07 :

"Such child shall be freed from all legal obligations of maintenance and obedience to such natural parents and shall have no right of inheritance from or under such natural parents; provided," etc.

On May 29, 1929, Amendment No. 5A to Substitute Amendment No. 1A to Bill No. 237A, was offered by the committee on judiciary and its passage recommended. The amendment offered was as follows :

"Amend the printed substitute amendment by striking out in lines 96 and 97, on page 45, the words 'and shall have no right of inheritance from or under such natural parents.' "

That amendment was adopted on June 5th. It thus appears that the legislature intentionally struck from the bill language which explicitly and unmistakably denied to an adopted child the right to inherit from its natural parents and thereby clearly revealed an intent not to deny to such child the right so to inherit. It appears from the language of sec. 322.07 itself that the legislature considered, (1) the right of an adopted child to inherit from its adoptive parents,

(2) the right of adoptive parents to inherit from an adopted child, and (3) the right of natural parents under certain circumstances to inherit from the adopted child, and, from the language stricken from Substitute Amendment 1A, the right of an adopted child to inherit from its natural parents. From all of this we conclude that the legislature gave careful consideration to the enactment of sec. 322.07, and had in mind all of the possibilities of inheritance and succession which could arise in the case of an adopted child. It deliberately struck out of the bill language which specifically denied to an adopted child the right to inherit from its natural parents. That action is very significant if not controlling. It is our conclusion that the judgment of the county court is right.

*By the Court.*—Judgment affirmed.