ESTATE OF MATZKE: RUCH, Appellant, vs. BENDER and another, Respondents.

*February 26—April 8, 1947.*

The cause was submitted for the appellant on the brief of *Blum & Blum* of Monroe, and for the respondents on the brief of *Peterson & Kittelsen* of Monroe.

FOWLER, J.   Ernestine Matzke died intestate October 23, 1945.   She left surviving her as her only kin Charles Bender, a son, and George Schwenk, a son of a deceased daughter. Gertrude Ruch is an adopted daughter of another deceased daughter of Mrs. Matzke.   Our general statute of descent, sec. 237.01, Stats., declares that when a person dies intestate his land shall descend to his children and to the children of any deceased child by representation.   Mrs. Matzke at her death owned certain land; she also owned certain personal property.   Our statute of distribution, sec. 318.01, declares that when one dies intestate the residue of his personal property shall be distributed to the same persons and in the same proportions as prescribed for the descent of real estate.

On hearing of the petition of the administrator of Mrs. Matzke's estate for settlement of his account the county court entered judgment assigning the land and the residue of the personal property of Mrs. Matzke to her son and grandson above mentioned.   Gertrude Ruch claimed an equal share with these lineal descendants under sec. 322.07, Stats., as an adopted daughter of a deceased daughter of Mrs. Matzke, and appeals from the judgment.

On May 7, 1945, before the death of Mrs. Matzke the legislature passed ch. 117, Laws of 1945, amending sec. 322.07, Stats. 1943, to read as shown in the margin.[1]   The only

---

[1] Sec. 322.07 *Effect of adoption.*   An adopted person shall be deemed, for the purposes of inheritance and succession and for all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, and such child shall be capable of taking property expressly limited to the heirs of the body of such parents the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption.   The adoptive parents of such child and their heirs and next of kin shall be deemed for the purposes of inheritance and succession by such parents, their heirs and next of kin, the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption, and they shall take in accordance with the general statutory provisions regulating inheritance and succession as

change in the statute is in the first sentence. That change is readily perceived by inspection of the parallel columns set out in the opposite margin.

The opinion in *Estate of Sauer* (1934), 216 Wis. 289, 257 N. W. 28, gives a complete and careful analysis of sec. 322.07, Stats., which was the same in Stats. 1943 when last amended as in Stats. 1933 in force when the *Sauer Case* was decided. That section contains four sentences each complete in itself and each dealing with a separate subject of inheritance. The *Sauer* opinion says of the first sentence:

---

between a parent and a child dying without issue; providing further, that if no heirs or next of kin are found in the line of the adoptive parents, the property of the deceased shall go to the natural parents, and, in case they have died, then in their line of descent. The natural parents of such child shall be deprived, by such order of adoption, of such legal rights, if any, of whatsoever nature which they may have respecting such child and its property. Such child shall be freed from all legal obligations of maintenance and obedience to such natural parents; provided, that where the adoptive parent of such child shall be married to one of the natural parents of such child then the relation of such child toward such natural parent so married to the adoptive parent shall be in no way altered by such adoption, and the natural rights and obligations of such natural and adoptive parent toward such child shall be the same as if such child were the natural child of both the natural parent and the adoptive parent.

| Stats. 1943, sec. 322.07: | Stats. 1945, sec. 322.07: |
|---|---|
| *Effect of adoption.* An adopted person shall be deemed, for the purposes of inheritance and succession and for all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents. | *Effect of adoption.* An adopted person shall be deemed, for the purposes of inheritance and succession and for all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, and such child shall be capable of taking property expressly limited to the heirs of the body of such parents the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption. |

"The first sentence of sec. 322.07 in our opinion deals with the right of an adopted child to inherit from his adoptive parents." (p. 291.)

This being so, it does not at all affect the right of an adopted child to inherit from a parent of his adoptive parent when his adoptive parent is deceased. The only amendment made to the section by the 1945 act is contained in the first sentence. Therefore the amendment does not affect the right of the instant adopted child to inherit from the mother of his adoptive parent. The *Sauer* opinion goes on to say:

"The second sentence gives to adoptive parents, their heirs and next of kin, the right to inherit from an adopted child, . . . and also gives to the natural parents of an adopted child the right to inherit from him under certain circumstances. The third sentence provides that the natural parents shall, by virtue of the order of adoption, be deprived of such legal rights as they may have respecting such child and its property. The fourth sentence frees the adopted child from the legal obligation to maintain and obey his natural parents. The proviso contained in the fourth sentence relates to a situation where a natural parent is married to a parent by adoption. The statute explicitly and unmistakably covers, (1) the right of an adopted child to inherit from his adoptive parents, (2) the right of adoptive parents to inherit from their adopted child, (3) the right of natural parents, under certain circumstances, to inherit from an adopted child notwithstanding his adoption, but it does not explicitly or unmistakably give or deny to the adopted child the right to inherit from its natural parents." (p. 291.)

From the above quotation and from the statute itself as it now stands, it plainly appears that none of the last three sentences of the statute has any effect whatever on the right of the instant adopted child to inherit from the decedent Mrs. Matzke. The only change effected by the 1945 amendment is that it gives an adopted child the right to inherit from his adoptive parent such property as that parent held under a will or deed expressly limited to the "heirs of the body of such parents,"

which under statements in the *Sauer Case, supra,* and *Estate of Bradley,* 185 Wis. 393, 201 N. W. 973, he did not inherit under the statute before the 1945 amendment. No such property, and no property whatever of the adoptive parent, is here involved.

Appellant's counsel suggests that the purpose of the 1945 act is plainly indicated by a note of Assemblyman Young, who introduced the bill, requesting the legislative reference library to draft a bill to change the law so that an adopted child would inherit from an aunt or uncle of his deceased adoptive parent. But legislative acts must be construed from their own language, uninfluenced by what the persons introducing or preparing the bill actually intended to accomplish by it. *Moorman Mfg. Co. v. Industrial Comm.* 241 Wis. 200, 5 N. W. (2d) 743. Construing the amended statute on its own language it did not accomplish the purpose intended by its sponsor, to say nothing of conferring right of inheritance from a parent of the deceased adoptive parent of an adopted child.

*By the Court.*—The judgment of the county court is affirmed.