ESTATE OF RIES: HULL, Appellant, vs. COLLINS, Administratrix, Defendant: BARFKNECHT, Respondent.*

*September 11—October 9, 1951.*

* Motion for rehearing denied, without costs, on December 4, 1951. See memorandum, post, p. 459a.

454

The cause was submitted for the appellant on the brief of *Lowry, Hunter & Frame* of Waukesha, and for the respondent on the brief of *Clayton A. Cramer* of Waukesha.

BROWN, J.   If Arling Hull had survived his aunt, Flora D. Ries, who died intestate December 4, 1949, he would have been one of her heirs at law. He did not survive her but he left a daughter who did. She is Laverne Hull Barfknecht, the interested defendant and respondent here. An order of the county court recognized her as one of Flora D. Ries' heirs at law and another order assigned to her an undivided one fourth of the residue of Mrs. Ries' estate. The appellant from both orders is Mrs. Ries' nephew whose share, as an heir at law, is diminished by reason of Laverne's participation in the division of the estate. To exclude her he relies on the fact that Arling Hull's widow, the respondent's mother, married one Peter Wahl who then adopted Laverne. Appellant contends that the effect of the adoption is to change Laverne's status to that of Peter's own child and to remove her from Mrs. Ries' line of descent and inheritance.

The question is one of statutory construction. The statutes which control are those in force at the time of the death of the intestate. *Estate of Hood* (1931), 206 Wis. 227, 239 N. W. 448. The pertinent ones are sec. 237.04 and sec. 322.07, Stats. 1947. The former directs that the right of descent to and from an adopted person shall be as prescribed in sec. 322.07. That declares:

"322.07 *Effect of adoption.* (1) Except as otherwise provided in this section, the effect of the order of adoption is to completely change the legal status of the adopted person from that of a child of the natural parents to that of a child of the adoptive parents; and to free the adopted person from all legal obligations to or on account of the natural parents, and *vice versa.*

"(2) If the adopted person is not survived by a spouse or by issue or by an adoptive parent and there is no heir or next of kin of the adoptive parents, the property of the adopted person shall descend and be distributed as though there had been no adoption.

"(3) If a parent of the person adopted is married to the adoptive parent the relation of the child to the natural parent is not altered by the adoption.

"(4) The adopted person does not lose the right to inherit from his natural parents."

We think sec. 322.07 (1), Stats., makes it perfectly clear and unmistakable that the legal status of Laverne Hull was thus changed by the order of adoption so that in legal effect she became the child of Peter Wahl and the former Mrs. Arling Hull. As such she has no claim upon the estate of Arling Hull's aunt, Mrs. Ries, unless some following subsection of sec. 322.07 has given it to her. We find none which does, while the express reservation of the right of inheritance by the adopted child from its natural parents in sec. 322.07 (4) reinforces the sweeping effect of sec. 322.07 (1) to deny any such right from other natural kin.

The learned county court considered that sec. 322.07 (4), Stats., did not in clear and unmistakable language cut off the right of Laverne to inherit from her father's aunt, which she would have without question were it not for her adoption but, in reading sub. (4), sub. (1) must not be ignored. We think the county court's interpretation fails to recognize that sec. 322.07 (1) in clear and unmistakable words removed Laverne from consideration as one of the Hull family except as subsequent provisions permit her to be so considered; and a search of those provisions reveals that it is only in the case of inheritance from parents that the legislature has declared the right to inherit from natural kin has not been lost by virtue of the adoption into a new family.

Respondent cites *Estate of Bradley* (1925), 185 Wis. 393, 201 N. W. 973. The *Bradley Case* dealt with a claim by an adopted child that it was an heir at law of the brother of the adoptive parent. It is thus unlike the present action which is concerned with inheritance between natural relatives, but respondent submits that the language of the opinion is applicable. It was said there, page 395, that any statute which interferes with the principle that the property of intestate deceased persons should descend to kindred of the blood or

which interrupts the natural course of descent of property should be strictly construed; and ". . . the right to inherit property is a natural right which the legislature cannot destroy." This last is a paraphrase of *Nunnemacher v. State* (1906), 129 Wis. 190, 198, 108 N. W. 627, and is also quoted in *Estate of Sauer* (1934), 216 Wis. 289, 257 N. W. 28.

The *Nunnemacher Case* tested the constitutionality of the Inheritance Tax Law. It had nothing whatever to do with adoption. The argument had been made that the Inheritance Tax Law was unconstitutional because it diverted a part of the deceased's property from the heirs. Mr. Chief Justice WINSLOW spoke for the court and in sustaining the constitutionality of the law as a tax measure he upheld the right to inherit property as one which the legislature could not constitutionally wholly take away. But he said, further (p. 202):

"It is true that these rights are subject to reasonable regulation by the legislature; lines of descent may be prescribed, the persons who can take as heirs or devisees may be limited, collateral relatives may doubtless be included or cut off, the manner of the execution of wills may be prescribed, and there may be much room for legislative action in determining how much property shall be exempted entirely from the power to will, so that dependents may not be entirely cut off."

As the *Nunnemacher Case* was a tax case, when the court's remarks are applied to matters of adoption as in the *Bradley Case* or the present one, they are dicta, but the dictum supports appellant's theory rather than respondent's, by recognizing the legislature's power to prescribe lines of descent and to limit heirship.

It is on *Estate of Sauer, supra,* that respondent chiefly relies. Mrs. Sauer died intestate leaving a son and a daughter. The daughter had been adopted by one Stutzke. The county court held that the adoption has not destroyed the daughter's right to inherit from her natural mother. On the appeal we said (p. 292):

"The appellant earnestly contends that the first sentence of sec. 322.07 should be construed as destroying every vestige of an adopted child's relationship to his natural parents, including the right to inherit from them, and that such child after his adoption should be considered as though born in the wedlock of his adoptive parents. There would be considerable force to the contention if sec. 322.07 contained no more than the first sentence. Had the legislature intended the first sentence of that section to have the meaning given to it by the appellant, it would have been unnecessary to enact much of the remainder of that section. It is our opinion that the legislature did not intend to deny to an adopted child the right to inherit from his natural parents. Certainly there is no explicit and unmistakable language impelling a contrary conclusion."

The first sentence of the statute referred to is:

"*Effect of adoptions.* A child so adopted shall be deemed, for the purposes of inheritance and succession and for all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents. . . ." Sec. 322.07, Stats., as of the time of the *Sauer* decision.

In 1947 the legislature amended sec. 322.07, Stats., to its present form. Respondent submits that the law of the *Sauer* decision is that an adopted child may inherit from intestate collateral relatives of its natural parents, and the amendment of 1947 only rephrased the prior statute without changing its meaning. In support of this contention she offers the comment of the legislative interim committee, 1947, as follows:

"Committee comment: The wording of old 322.07 is involved and cumbersome and the meaning is obscure. This section has been construed and applied repeatedly by the supreme court. The following are recent cases: *Estate of*

*Hood,* 206 Wis. 227; *Estate of Sauer,* 216 Wis. 289. This revision is an attempt to restate briefly and clearly the meaning which the court has read into 322.07. In the *Sauer Case* the court said that this statute 'does not deny to the adopted child the right to inherit from its natural parents' (p. 291), and therefore the court decided that 'An adopted child does not lose his right to inherit from his natural parents' (syllabus). Hence in this revision that meaning is plainly stated."

When a statute is plain and unambiguous interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the law. *State ex rel. U. S. F. & G. Co. v. Smith* (1924), 184 Wis. 309, 316, 199 N. W. 954. And ". . . legislative acts must be construed from their own language, uninfluenced by what the persons introducing or preparing the bill actually intended to accomplish by it." *Estate of Matzke* (1947), 250 Wis. 204, 208, 26 N. W. (2d) 659.

Construing the present statute by its own language it appears to us to be plain and unambiguous that the status of an adopted child is completely changed to that of a child of the adoptive parents and as such it has no right of inheritance from its natural relatives save for the one exception which the statute makes, — the right to inherit from its natural parents. We may not go outside the statute to create ambiguity and then resolve the ambiguity by what we have found outside, but if we could do so, still we would not be able to agree with the respondent that the comment of the interim committee supports her interpretation of the statute. Applying the comment to the amendment, which made so extensive a revision of sec. 322.07, Stats., that twenty-two lines of print were cut down to eleven, it would appear to us that the committee and the legislature says: "Notwithstanding the language of the old section 322.07, Stats., that an adopted person 'shall be

deemed for the purposes of inheritance and succession . . . the same . . . as if such child had been born in lawful wedlock of such parents by adoption, . . .' the court has held that he or she has not lost the right to inherit from the natural parents. So be it; but to prevent any extension of this doctrine of dual capacity, we now specify the conditions in which the duality may exist and make such specification exclusive."

The *Sauer* decision did *not* hold that an adopted child may inherit from his natural uncle or aunt but, except for the amendment, it might have become a precedent for a later decision that he could do so. Now the amendment has intervened. It sets as a limit the point which we reached in the *Sauer Case.* The extent to which the adopted child may have a dual status in matters of inheritance is a question of public policy for the legislature, not for the court. The amendment specifies that in the natural line, the adopted child may inherit from his parents. As the amendment is worded, we may not enlarge the class from which he may take to include those relatives which the legislature omitted. Subs. (2), (3), and (4) of sec. 322.07, Stats., list the exceptions to the broad policy declared by sub. (1). If other exceptions are deemed desirable they should come into the law by legislative action.

*By the Court.*—Orders reversed. Cause remanded for further proceedings consistent with this opinion.

The following memorandum was filed December 7, 1951:

BROWN, J. (*on motion for rehearing*). Counsel for respondent, in a motion for rehearing, submits that our construction of sec. 322.07, Stats., does not give adequate weight to the fact that ch. 218, Laws of 1947, by which that section was enacted, was a revisor's bill and calls to our attention,—

as he did in his original brief,—sec. 370.01 (49), which reads:

"*Construction of revised statutes.* A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction. And where the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent."

Counsel then urges that the former statute sec. 322.07 had been construed by this court, notably in the *Estate of Sauer* (1934), 216 Wis. 289, 257 N. W. 28, to mean that a child did not lose his right to inherit from his natural relatives by reason of adoption, and he submits that the language of the new statute does not indicate a different meaning so clearly as to preclude judicial construction. He also relies upon the committee comment which he interprets to say that the meaning of the statute is not changed by the revision. The comment to which counsel refers is:

"This revision is an attempt to restate briefly and clearly the meaning which the court has read into 322.07. In the *Sauer Case* . . . the court said that this statute 'does not deny to the adopted child the right to inherit from its natural parents' (p. 291), and therefore the court decided that 'An adopted child does not lose his right to inherit from his natural parents' (syllabus). Hence in this revision that meaning is plainly stated."

Counsel contends that this comment is the equivalent of the note referred to in sec. 370.01 (49), Stats., and is indicative of the legislative intent. We do not think this helps him. His argument depends upon an assumption that the prerevision law, declared by the court in *Estate of Sauer,*

*supra,* was that an adopted child retained the right to inherit from all natural relatives. If the legislative committee had thought the *Sauer Case* said that, surely its note would have stated that the court had read *that* meaning into the statute; and if the committee or the legislature wanted to carry that meaning into the revised statute it would have made the exception in the statute read: "(4) The adopted child does not lose the right to inherit from his natural relatives," or something to like effect. But, instead, the committee comment, stating its understanding of our decisions, stops with inheritance from parents and its revised statute makes inheritance from "parents," not "natural relatives" the sole exception (material to this case) to the changed status of the adopted child. The committee comment, so far from helping respondent, destroys her basic assumption that the law before the revision, as understood by the legislature and reiterated by the revision, included natural relatives in addition to parents.

Then, as we said in our principal opinion herein, the revised sec. 322.07, Stats., was enacted which, while accepting our declaration of the law as far as we had declared it, restricted us from further extension, logical as such extension might be, by making inheritance from natural parents the sole exception, material to this question, to the changed status of the adopted child. We consider that we have strictly complied with the rule of sec. 370.01 (49), to which counsel has referred us, in our construction of a revised statute.

Counsel raises a question which is not material to the decision of the principal case nor of the present motion but which, nevertheless, is of concern. He submits that the revision has not changed the law as previously interpreted by the court. In *Estate of Bradley* (1925), 185 Wis. 393,

201 N. W. 973, we denied to an adopted child the right to inherit from an intestate brother of the adoptive parent. Since we now hold that the adopted child has no right of inheritance from its natural relatives, other than its parents, and the rule of the *Bradley* decision is unchanged by the revision, so that the child does not inherit from his adoptive relatives, except parents, his rights of inheritance have been very seriously diminished by an adoption which is designed to benefit him. We cannot commit ourselves to an interpretation of the revised statute in reference to cases which are not before us, but there is much force in the argument that the statute in its present form does thus limit the intestate decedents from whom the adopted child may inherit to the two sets of parents. The remedy does not lie with the court, which is bound by the statutes as they exist, but the attention of the legislature may well be directed to an appropriate provision for heirship to prevent such inadvertent injustice.

Appellant did not file a brief on the motion for rehearing.

*By the Court.*—Motion denied without costs.