STATE of Wisconsin, Plaintiff-Appellant,

v.

James L. DENK, Defendant-Respondent.

Court of Appeals

*No. 82–2008. Submitted on briefs September 19, 1983.—*
*Decided January 10, 1984.*
(Also reported in 345 N.W.2d 66.)

For the plaintiff-appellant the cause was submitted on the brief of *Thomas A. Maroney,* district attorney, and *John C. Perry,* assistant district attorney.

For the defendant-respondent the cause was submitted on the brief of *Walter F. Gregorski,* and *Dewane, Gregorski, Dewane & Kummer,* of Manitowoc.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.  The issue is whether the state may bring an action to recover "civil redress" damages under sec. 29.65, Stats., for the unlawful taking of fish and game protected under ch. 29, as well as prosecute the

perpetrator for a civil forfeiture violation under that chapter.[1] We hold that it may and reverse the order dismissing the action.

State conservation wardens discovered a total of 102 trout at James Denk's campsite or in his personal possession at another location on May 3, 1981. He was subsequently convicted of possessing sixty-seven brown and rainbow trout in excess of the daily bag limit established by the Department of Natural Resources[2] pursuant to its authority under sec. 29.174(2)(a), Stats. He was ordered to pay a forfeiture of $100 pursuant to sec. 29.99(6), Stats. (1979–80). This conviction was civil, not criminal.[3]

Subsequently the state commenced this action seeking to recover $1,758.75 for the sixty-seven fish in question pursuant to sec. 29.65(1)(k), Stats., which provides:

> The department may bring a civil action in the name of the state for the recovery of damages against any person unlawfully killing, wounding, catching, taking, trapping, or having unlawfully in possession any of the following named protected wild animals, birds, or fish . . . and the sum assessed for damages for each wild animal, bird, or fish shall be not less than the amount stated in this section:
>
> . . . .
> (k) Any brook, rainbow, brown, or steel head trout, $26.25.

---

[1] The term "civil redress" was utilized by the supreme court in its analysis of the legislative intent of sec. 29.65, Stats., in *Dept. of Natural Resources v. Clintonville*, 53 Wis. 2d 1, 191 N.W.2d 866 (1971). The court said, in salient part:

[S]ec. 29.65 is . . . logically seen as providing civil redress . . . for violations of ch. 29 . . . . [I]t was the intent of the legislature that the civil remedy provided for in that section was to redress acts expressly prohibited by ch. 29 . . . .

*Id.* at 11, 191 N.W.2d at 871.

[2] Section NR 20.01, Wis. Admin. Code.

[3] Conduct punishable only by forfeiture is not a crime, which is defined by sec. 939.12, Stats., as conduct punishable by fine and/or imprisonment.

The trial court granted Denk's motion to dismiss based upon its understanding that damages under sec. 29.65, Stats., were recoverable only if the underlying violation of the protective provisions of ch. 29 was a criminal violation. It apparently based its ruling on the supreme court's statement in *Dept. of Natural Resources v. Clintonville,* 53 Wis. 2d 1, 11, 191 N.W.2d 866, 871 (1971), that "sec. 29.65 provides for a civil action only for criminal acts expressly prohibited in ch. 29 . . . ." This statement, viewed in the context of the case in which it was rendered and of the legislative revisions of ch. 29 thereafter, does not support the trial court's ruling.

At the time *Clintonville* was decided, the penalties for virtually all violations of ch. 29, Stats., to which sec. 29.65 could be applied were criminal. In that case the supreme court was required to determine whether a city, which may not be prosecuted for a criminal act, was answerable in damages under sec. 29.65 for "unlawfully" killing fish within the meaning of that section. The fish died as the result of the city's suddenly lowering the level of a millpond below the minimum level established by the Department of Natural Resources pursuant to authority conferred in another chapter of the statutes. The city acted without the statutorily required permission of the department, but its act violated no provision of ch. 29.

The question in *Clintonville,* therefore, was whether the term "unlawfully," which delineates the scope of civil redress damages actions under sec. 29.65, Stats., included acts other than those expressly prohibited by ch. 29. The supreme court held that it did not. It determined that the civil remedy created by sec. 29.65 was intended by the legislature to be "coextensive" with the express prohibitions of ch. 29, and "not to create liability for acts or omissions beyond those expressly prohibited." 53 Wis. 2d at 10, 191 N.W.2d at 871. Because all of the express prohibitions in ch. 29 at that time carried criminal penalties,

the supreme court's statement that sec. 29.65 applied only to "criminal acts" was merely descriptive, and not interpretive. The interpretive import of the *Clintonville* holding was in its limitation of the scope of sec. 29.65 to damage actions for violations of ch. 29 prohibitions, rather than extending it to other types of "unlawful" conduct harming wildlife.

. Unlike the defendant Clintonville, the defendant Denk has violated an express prohibition of ch. 29, Stats. The question remains, however, whether he may be sued for damages under sec. 29.65 after he has been convicted of a civil forfeiture violation for the conduct on which the suit is based. At the time of *Clintonville,* both prosecution for a violation and an action for civil damages would not have been possible because of the operation of sec. 29.65 (3), Stats.[4] That subsection proscribed then, as it does in its present version,[5] bringing a criminal prosecution and a civil redress damages action for the same offense. As the supreme court noted in *Clintonville,* the then existing statutory scheme provided a civil damage action as "an *alternative* to the criminal penalties provided in that chapter." 53 Wis.2d at 6, 191 N.W.2d at 869 (emphasis supplied). The defendant argues that the state is similarly limited under the present statutory scheme to choosing between a suit for civil damages and a prosecution for violation of an express prohibition of the chapter.

■

We reject the defendant's argument. After *Clintonville,* ch. 29, Stats., was largely decriminalized in secs.

---

[4] Section 29.65(3), Stats. (1971), provided:

A civil action brought under this section shall be a bar to a criminal prosecution for the same offense, and vice versa.

[5] Section 29.65(3), Stats. (1981–82), provides:

A civil action brought under this section shall be a bar to a criminal prosecution for the same offense and any criminal prosecution for any offense chargeable under this section shall be a bar to a civil action brought under this section.

44, 50, ch. 365, Laws of 1975. Of the eleven general penalty provisions of present sec. 29.99, only subsections (1), (5), and (7) impose criminal sanctions. The rest provide for civil forfeitures. The requirement of sec. 29.65(3) that the state elect *either* a criminal prosecution *or* a civil damage action against a criminal violator does not, on its face, impose any such election with respect to offenses punishable by forfeiture. We are persuaded by the legislative history of this section that the omission was not unintentional.[6]

Section 29.65(3), Stats., was repealed by sec. 48, ch. 365, Laws of 1975, when most of the penalties for violation of the chapter were changed from fines and/or imprisonment to forfeitures. It was recreated in its present form by sec. 2, ch. 386, Laws of 1977, in a bill introduced at the request of the Department of Natural Resources. An amendment to the bill was offered to require that any sec. 29.65 damage action be joined with any civil forfeiture action based upon the same offense. The amendment specified that "failure to bring an action for a forfeiture as part of an action for damages, shall be a subsequent bar to bringing such actions."[7]

The legislature rejected the proposed amendment and enacted sec. 29.65(3), Stats., in its present form. Thus the legislature reimposed the alternative remedies requirement with respect to the few criminal offenses remaining under the recently decriminalized act, while at the same time refusing to limit the state's pursuit of both remedies with respect to civil forfeiture offenses.

---

[6] Where a statute does not define the precise scope of its application, we may consult legislative history to determine its purpose and effect. *State v. White*, 97 Wis. 2d 193, 199, 295 N.W. 2d 346, 348 (1980). Legislative history may also be consulted when doubts arise as to the meaning of a statute arguably clear on its face. *Estate of Sauer*, 216 Wis. 289, 293, 257 N.W. 28, 29 (1934).

[7] Amendment 2, A.B. 303 (1977).

■

■ We conclude that the legislature intended to permit the state to recover statutory damages under sec. 29.65, Stats., as well as to prosecute for violation of the underlying prohibitions of ch. 29, when the offense is punishable only by a civil forfeiture. The present action was therefore improperly dismissed.

*By the Court.*—Order reversed.

DYKMAN, J. (concurring). Though I agree with the result reached by the lead opinion, I write separately to make it clear that we have not abandoned the method of statutory construction stated in *State Historical Society v. Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792, 795 (1983) :

On any question of statutory construction, the initial inquiry is to the plain meaning of the statute. If the statute is unambiguous, resort to judicial rules of interpretation and construction is not permitted, and the words of the statute must be given their obvious and intended meaning.

A statute is ambiguous when it is capable of being interpreted by reasonably well-informed persons in two or more ways. *Id.* at 253, 332 N.W.2d at 795. Section 29.65, Stats., is not ambiguous. Reasonably well-informed persons cannot differ on the meaning of "criminal prosecution".[1] Though a statute unambiguous on its face may be rendered ambiguous by its relation to other statutes, *State v. Dahlk,* 111 Wis. 2d 287, 295–96, 330 N.W. 2d 611, 616 (Ct. App 1983), the conflict in this case is between a statute and the supreme court's decision in *Dept. of Natural Resources v. Clintonville,* 53 Wis. 2d 1, 191 N.W.2d 866 (1971). The unambiguous intent of the

---

[1] A crime is punishable by fine or imprisonment or both. Sec. 939.12, Stats. Defendant's conviction was punishable only by a forfeiture.

legislature cannot be made ambiguous by another branch of government. *Clintonville* discusses a statutory interaction no longer in existence. For that reason, it does not compel the result appellant suggests. I would hold that the plain meaning of sec. 29.65(3) requires us to reverse the trial court's order.